**Luman ABRAMS et al., Appellants,**

v.

**BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, et al., Appellees.**

**No. 12399.**

United States Court of Appeals District of Columbia Circuit.

Argued March 30, 1955.

Decided May 12, 1955.

**332**

Mr. T. Emmett McKenzie, Washington, D. C., for appellants.

Mr. Laidler B. Mackall, Washington, D. C., with whom Messrs. Stephen Ailes and George B. Mickum, III, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

Appellants, of whom there are nineteen, were plaintiffs in a civil action for damages arising out of an alleged incident on a railroad car. The trial court dismissed the complaint as to eighteen of the plaintiffs and transferred to the Municipal Court the action of the one remaining plaintiff.

The train was en route from New York to Chicago via Washington, and the appellants were passengers in a special car. An argument between them and a porter occurred, and the latter was told by some of the appellants to stay out of their car. The porter's duties required him, however, to traverse the car, so at Washington he notified the station master at Silver Spring, Maryland, of the difficulty. The station master notified the police, and they boarded the train when it arrived at Silver Spring. The officers entered the private car, and a fracas occurred.

The original complaint sounded in tort based upon fright. An amendment added an allegation of breach of contract by the station master in calling the police. But the complaint does not allege the police did anything at the instigation of the railroad employees except enter the car. The complaint says merely that the police "trespassed into plaintiffs' car" and that "During the course of that trespass an affray occurred—at whose fault the pleadings do not show." The District Court was of the view that the complaint stated no cause of action upon which relief could be granted. We agree, and the judgment must be

Affirmed.