Lena BELL, Appellant,

v.

Waddell R. THOMAS, trading as Metropolis Realty & Investment Co., Appellee.

No. 1571.

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 15, 1954.

Decided Dec. 7, 1954.

Milton Conn and Jacob Gordon, Washington, D. C., for appellant.

Frank D. Reeves, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A broker sued for a commission allegedly earned. One defense to the claim was that the broker had not produced a purchaser ready, able and willing to perform in accordance with the listing agreement. Another defense, asserted in an additional answer and in brief and oral argument, and later by motion for judgment *non obstante*, was that plaintiff's suit should be dismissed because he had failed to prosecute it with diligence. The trial court rejected both defenses and ordered judgment for plaintiff. Defendant brings this appeal.

We need only consider the second defense. The action was filed April 13, 1949. Defendant answered promptly and the case was calendared on May 17, 1949, as ready for trial, and the assignment commissioner set the trial date for June 23, 1950. On that date the case was "returned to the files" and removed from the trial calendar. It was not until 41 months later that the case was ordered calendared for trial and the trial was not had until five years after the filing date. The assignment commissioner gave testimony that the case could have been reached for trial when it was first set, in June 1950; that it could have been reached within 7 to 12 months thereafter if again calendared, and that the waiting period became shorter as time went on. Thus we have a situation in which a plaintiff neglected for more than three years to take any steps to have his case tried. In the transcript, which has come to us from the trial court, there is not a word to explain or excuse this long delay, nor has appellee offered any explanation in this court. He declined to file a brief on appeal, but instead filed a memorandum denouncing the appeal as "frivolous" and stating that because appellant has departed the jurisdiction, leaving no assets here, appellee was unwilling to incur the expense of defending this appeal.

Earlier this year we held that a delay of 32 months in having process served entitled the defendant to a dismissal for lack of diligent prosecution, and that it was an abuse of discretion to rule otherwise. Steele v. General Baking Co., D.C.Mun. App., 101 A.2d 845. Before that, in Slater v. Cannon, D.C.Mun.App., 93 A.2d 92, we had pointed out that defendants were to be

relieved of the difficulty of meeting stale claims and that the Municipal Court had the right under its rule 41(b), or under its inherent power, to dismiss for want of diligence in prosecution. The soundness of that ruling is graphically illustrated in the case before us. It was apparent that every witness at the trial had some difficulty in remembering one or more phases of the transaction because of the long lapse of time, and that the court could not have the benefit of that freshness of narrative which is necessary to a sound and just decision. We must rule that the trial judge abused his discretion in refusing to enter a judgment of dismissal.

Reversed.