**Edith X. WOODS, Appellant,**

v.

**BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Appellee.**

No. 2325.

Municipal Court of Appeals for the District of Columbia.

Argued March 2, 1959.

Decided March 20, 1959.

T. Emmett McKenzie, Washington, D. C., for appellant.

Laidler B. Mackall, Washington, D. C., with whom Charles G. Williamson, Jr., Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

On defendant's motion the trial court dismissed this tort action, for failure to prosecute. Plaintiff appeals.

The suit had been filed in the United States District Court in June 1951 by several plaintiffs, including appellant. That court dismissed the suit as to all plaintiffs except appellant, and as to her, ordered the cause transferred to the Municipal Court for trial. Code 1951, § 11–756 (Supp. VI). The decision was affirmed on appeal. Abrams v. Baltimore & O. R. Co., 96 U.S.App. D.C. 39, 223 F.2d 331. On September 13, 1955, on plaintiff's motion, the United States District Court passed a new order transferring the case to the Municipal Court. Two weeks later the transfer was completed by a letter of transmittal from the clerk of the District Court to the clerk of the Municipal Court, with copies to counsel to both parties.

Three years went by with no move by plaintiff, and on September 22, 1958 defendant filed a motion to dismiss for want of prosecution. After a hearing on the motion and plaintiff's answer thereto, the court ordered the dismissal.

Many decisions have stated the rule that a plaintiff must prosecute his action with diligence, and that his failure to do so entitles defendant to demand dismissal. The rule was recently restated by this court in Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106. There we held that an unexplained failure by plaintiff for 17 months to prosecute his action established lack of due diligence as a matter of law and re-

quired a dismissal on defendants' motion. The neglect or delay in this case was more than twice that long.

Plaintiff attempted to explain the long delay by these statements: "Several searches in the file room failed to reveal the presence of the file and it was the opinion that it had been misplaced or misfiled. The last time counsel made a search for this file was in the month of February 1958, which was unsuccessful." These statements were in the answer of defendant's counsel to the motion to dismiss. They were not supported by affidavit or offer of proof, and the trial court was not required to accept them. Even if accepted, they would not have established that the file was actually unavailable.[1] And even if the file was not where it belonged, that would not have prevented plaintiff from proceeding to bring the case to trial.

In appellant's brief there is a statement (not supported by argument) that there is nothing in the record to reveal that her counsel was ever advised as to the status of the case, or that it "was ready for pre-trial or for any other action." This statement shows a misapprehension of the obligation of a plaintiff to move his case into proper channels toward trial. While other rules describe procedural steps to be taken by the court *after* a case has been set for pre-trial, Civil Rule 39, § A(h) of the Municipal Court places squarely upon every plaintiff, when his case is at issue, the duty to deliver to the assignment commissioner an order to place it on the ready or pre-trial calendar. Because the primary and vital requirement of this rule was ignored or neglected for almost three years, plaintiff's action became subject to dismissal.

But aside from any formal rule, trial courts have and properly exercise the inherent power to dismiss cases which are

not diligently prosecuted. Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845. (In that case the delay—32 months—was considerably shorter than in this case, and we ruled that the trial court abused its discretion in declining to dismiss.)

Appellant's counsel questions the reasoning which led the trial court to its decision, and says he was improperly regarded as being in "default" when he failed to appear at a second (continued) hearing of the motion to dismiss. These statements we need not discuss, because it is clear from the record that the order of dismissal was proper and sound.

Affirmed.

---

[1]. The complete file was before the court when the motion to dismiss was presented, and there is nothing in the court's records to indicate that the file was ever lost.