Richard G. GAERTNER, Executor, Estate of Esther E. Gaertner, Deceased, Appellant,

v.

EUGENE LELAND MEMORIAL HOSPITAL, a corporation, Appellee.

No. 4290.

District of Columbia Court of Appeals.

Argued Sept. 30, 1968.

Decided Dec. 18, 1968.

---

Lola Boswell, Washington, D. C., for appellant.

William A. Grant, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

On February 9, 1961, Esther Gaertner was admitted to the Eugene Leland Memorial Hospital by her son Robert, who signed the admission form as surety for the payment of the hospital bill. Mrs. Gaertner, apparently despondent over her confinement in the hospital, sent a request to her other son Richard in Colorado urging him to come and help her. On his arrival, Richard unsuccessfully attempted to have his mother discharged in his care. The exact reason that prompted the hospital to refuse this request is unclear. The testimony includes conflicting statements that the hospital could not discharge her in her condition [1] without the doctor's instructions, or without Robert's permission. After obtaining a power of attorney from his mother, Richard informed the hospital that Esther was unable to pay her bills, and that he could not assume the responsibility for paying for them. Shortly thereafter, with the agreement of the hospital, Robert was released by his mother from any obligation to pay the hospital bill. Mrs. Gaertner was finally discharged from the hospital on April 9, 1961, two days after Richard had been appointed conservator of her estate. In this capacity, Richard made monthly payments on the bill until December 3, 1962, when all payments ceased.

Appellee hospital filed the original complaint for the balance on August 26, 1964,

1. Mrs. Gaertner was unable to walk.

naming Esther Gaertner and her son Richard as co-defendants. Defendants filed a third-party complaint against Robert, which was later dismissed on motion. The hospital then moved and was granted leave on December 4, 1964, to add Robert as a party defendant. Robert was ultimately served with an amended complaint on October 10, 1966.

On July 8, 1966, prior to service upon Robert, defendants filed a motion to dismiss the complaint for want of prosecution.[2] The motion was denied, and trial was held on November 21, 1966. Robert was held not liable on the basis of the release and on the ground that the statute of limitations had run. Richard, individually, was held not liable because of plaintiff's failure to prove that he had assumed the responsibility of paying his mother's bill. Richard, as executor of Mrs. Gaertner's estate, was held liable for $262.18, the unpaid balance of the bill.

 Appellant claims that the trial court erred in denying the motion to dismiss for want of prosecution.[3] We disagree. As we have often said, diligence in prosecution is a question of fact to be determined by the trial court and the ruling of the trial court will not be disturbed on appeal absent a showing of abuse in the exercise of its discretion.[4] Generally,

inexcusable delays in bringing a case to trial result in a dismissal. However, in some instances, where issue has been joined and no prejudice has resulted from the delay, the courts have held that delays of many years will not warrant a dismissal. Overholt v. Matthews, 48 App.D.C. 482 (1919); Meloy v. Keenan, 17 App.D.C. 235 (1900); cf. Christian v. Bruno, D.C. App., 247 A.2d 54 (1968). In this case, although a substantial period of time elapsed without any action being taken from the time interrogatories were answered until the motion to dismiss was filed, there are indications that settlement proceedings were being attempted in the interim in an effort to dispose of this and other disputes between the two brothers. Moreover, once the trial court has found the delay to be excusable, little purpose is served in reconsidering its decision after the controversy has been fairly resolved in a full trial on the merits.[5] Neither son was held responsible for the debt. Rather, the patient, through her estate, was properly held liable to pay for her own hospitalization.

 In our judgment, the trial court exercised proper discretion in denying the motion to dismiss. We are also of the opinion that the record does not support any other claims of error.

Affirmed.

---

2. Mrs. Gaertner was then deceased, but neither the court nor appellee were aware of this fact. Indeed, there is much confusion in the procedural development of this case.

3. GS Civil Rule 41(b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or for any claim against him.

4. Bowen v. Wilson, 56 App.D.C. 375, 15 F.2d 733 (1926); Rouse v. Nat. Seating Co., D.C.App., 244 A.2d 491 (1968); Bailey v. Washington Motor Truck Tr. Emp. Pen. Trust, D.C.App., 240 A.2d 133 (1968); Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958); Dickson v. Marshall, D.C.Mun.App., 111 A.2d 879 (1955); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954); Slater v. Cannon, D.C.Mun.App., 93 A.2d 92 (1952).

5. But see Shakesnider v. Rosenfeld, supra note 4.