William BELCHER et al., Appellants,

v.

Aulin E. JOHNSON et al., Appellees.

No. 79-1172.

District of Columbia Court of Appeals.

Argued June 24, 1980.

Decided Feb. 11, 1981.

Benjamin F. Amos, Washington, D. C., for appellants.

Blaine P. Friedlander, Washington, D. C., for appellees.

Before GALLAGHER, MACK and FERREN, Associate Judges.

PER CURIAM:

This case involved a suit for an accounting brought by members of the Mount Jezreel Baptist Church. The complaint was filed June 20, 1977. On June 11, 1979, the trial court sua sponte dismissed the complaint for failure to prosecute. This appeal resulted.

Normally a dismissal for failure to prosecute results from a motion filed by the opposing party. The Supreme Court in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961) had this to say, however, on the matter of a sua sponte dismissal of this ground:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent . . . from the many state court decisions sustaining such dismissals . . . . [*Id.* at 630–31, 82 S.Ct. at 1388–89 (footnote omitted).]

In entering its ruling, the trial judge here referred to an early opinion of this court in *Steele v. General Baking Co.*, D.C.Mun. App., 101 A.2d 845 (1954) which stated:

> A party should not be forced to defend himself against a claim which arose more than three years ago, when with a little effort on the plaintiff's part the case could have been adjudicated within a few months. [*Id.* at 846.]

The trial court in this case then stated:

> This Court likewise concludes that a little effort on plaintiffs' part would have brought a speedy adjudication of this action. Accordingly, it appears to the Court that plaintiffs have failed to comply with this Court's orders, as noted herein; and it further appears that despite this Court's admonition to avoid delays, plaintiffs have shown no diligence in prosecuting this action.

Our test on review is not whether we would necessarily have acted sua sponte to dismiss the complaint in the circumstances of this case but whether we conclude the trial court abused its discretion in so ruling. *Steele v. General Baking Co.*, supra at 846.

In this case, on March 7, 1978 the trial court set a "fixed trial date" for June 7, 1979 and ordered the parties to pursue discovery. Plaintiff-appellants took depositions on May 3 and 16, 1978, and again on October 13, 1978, but literally did nothing for the next nine months (whereupon the case was dismissed).

Appellants complain that their efforts for discovery were frustrated because appellees did not authorize inspection of church records, in contrast with day care center records, at the Internal Revenue Service. Assuming that the IRS did have such records, appellants did nothing to specify on the record what kinds of church documents at the IRS would have been helpful to their cause. Further, appellants should have filed a motion to compel discovery if defendants were, in fact, thwarting the court discovery order of March 7, 1978.

In addition, appellants did not comply with the Super.Ct.Civ.R. 23–I(c)(1) requirement of a statement concerning notice to the class. Appellants complain that appellees did not turn over a complete list of church members to permit such notice. Under the rule, plaintiffs could have saved their rights by including this complaint as part of the Rule 23 statement. Again, plaintiffs did not follow through.*

On this record, we are of the view that we should not go so far as to conclude there was an abuse of discretion.

*Affirmed.*

MACK, Associate Judge, dissenting:

Dismissal under Super.Ct.Civ.R. 41(b) is a harsh sanction—"'a final and definitive doom' precluding a preferred disposition on the merits." *Taylor v. Washington Hospital Center*, D.C.App., 407 A.2d 585, 590 (1979) *citing Garces v. Bradley*, D.C.App., 299 A.2d 142, 144 (1973). We have suggested that a trial court is well-advised to consider applying a lesser sanction and that an appellate court may well find an abuse of discretion where there has been no showing that a defendant actually would be prejudiced by the delay. *See Taylor, supra* at 590. On the state of the record here—the absence of a showing of prejudice to the defendant, and the existence of activity, however abortive, I think dismissal sua sponte was inappropriate and an abuse of discretion.

---

* It appears that appellant Williams lacks standing to participate in this suit, having been voted out of the church in 1967, and again refused membership in 1972 and 1976. Suit was filed in 1977.