Juanita K. MORGAN, Appellant,

v.

Karl A. LEITNER, et al., Appellees.

No. 81–407.

District of Columbia Court of Appeals.

Argued Jan. 26, 1982.

Decided April 1, 1982.

George E. Tuttle, Jr., Alexandria, Va., for appellant.

Edward C. Bacon, Landover, Md., for appellees.

Before KERN, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

This is an appeal from a dismissal with prejudice for failure to prosecute. Super. Ct.Civ.R. 41(b). An examination of the record leads us to conclude that the representations of appellees (defendants below) were antithetical to the trial court's exercise of sound discretion. We, therefore, reverse and remand for trial.

■ A decision to dismiss for failure to prosecute is committed to the "sound discretion" of the court. This discretion, however, should be exercised "with care, since [such] a dismissal . . . is a drastic remedy." *Garces v. Bradley*, D.C.App., 299 A.2d 142, 144 (1973). In order to assure that an appellate court, in exercising its narrow scope of review, can accurately gauge the propriety of the imposition of this remedy, the trial court must make a full explication of the factors surrounding its decision to dismiss. *Garces v. Bradley, supra* at 144–45.

■ One crucial finding that the trial court must make is which of the parties contributed to the delay of the trial and in what ways and for what reasons they did so. *Frazier v. Center Motors, Inc.*, D.C. App., 418 A.2d 1018, 1021 (1980). This requirement, in turn, assumes and demands a complete and forthright rendition and chronology of the various motions and requests for time extensions by the parties. Since the record on appeal reflects that the appellees did not accurately present this chronol-

ogy in the trial court (or this court) we find that the trial judge may have been effectively precluded from assigning reasons for the trial delay and making legally supportable findings in this regard.

The record reveals the following chronology: The appellant brought suit in January 1977 alleging that her home had sustained structural damage as a result of excavation performed by the Bakers Local Union No. 118. In April 1977 a trial date of April 13, 1978 was set. The appellees, however, moved for continuances on both February 24, 1978 and March 20, 1978, and the trial date was continued until November 15, 1978. Prior to the scheduled trial, however, the appellant's counsel, with the consent of both his client and the appellees, withdrew his appearance and the court again continued the trial until May 25, 1979.

On May 11, 1979, the appellant requested a continuance which was denied by the court. Less than one week later the appellees' motion for a continuance was granted, however, and the trial was continued until December 4, 1979. Again, on July 26, 1979, the appellees requested a continuance and the trial date was delayed until December 13, 1979. The record further reflects that an additional continuance was granted on November 19, 1979, which set the trial date back to February 25, 1980, but does not reveal whether either of the parties had requested it or the court ordered it on its own motion. Finally, on February 25, a final continuance, this with the consent of both parties, was granted until October 7, 1980. When the appellant's counsel failed to appear for trial on October 7, the appellees filed and the trial judge granted their motion for dismissal with prejudice. Further, the trial court denied the appellant's motion for reconsideration and reinstatement.

The appellees' rendition of this chronology differs from the record in several material respects. Their brief in this court did not reflect the fact that it was they who requested both the February 1978 and March 1978 continuances. Further, the appellees' brief stated, contrary to the record,

that the appellant's May 1979 motion for continuance was granted over the objection of the appellees and made no reference to its motion of May 17, which was granted. Additionally, there was no reference in the appellees' brief to its requested and granted continuance of July 16, 1979.

The appellees' opposition to the appellant's motion for reconsideration and reinstatement in the trial court contained the same discrepancies as their brief. Again, there was no reference to their requests of February and March 1978 nor to the fact that it was the appellees' May 1979 request for a continuance, rather than the appellant's, which was granted. Lastly, the appellees also failed to note their motion for a continuance of July 1979 which, like their three previous motions, was granted.

In conclusion, since "a fair reading of the record [reveals that the appellees] contributed to some of the delay in this case," *Frazier v. Center Motors, Inc., supra* at 1021, the trial court's grant of the appellees' motion to dismiss, which did not reflect that contribution, was in error. On this record we conclude that appellant is entitled to a trial on the merits.

*Reversed and remanded.*

KERN, Associate Judge, dissenting:

While the longevity of litigation in this case will never rival the mark set by Jarndyce and Jarndyce in the High Court of Chancery more than one hundred years ago, *see* Charles Dickens, *Bleak House*, Chap. I, the chronology of the instant case etched upon the docket and contained in the file makes for melancholy reading. Consider, for example, that almost 12 years have elapsed since the injury complained of by appellant in her complaint allegedly occurred—damage to her backyard by erosion as a result of the excavation by appellees in reshaping their lot next door to hers. Almost five years have elapsed since appellant filed her complaint. When the case came on for trial on October 7, 1980, neither appellant nor her counsel appeared. The trial court granted appellees' motion to dis-

miss appellant's complaint for failure to prosecute.[1]

Now almost 15 months later we are asked to reverse the court's action of dismissal with prejudice and to return the case for trial. The appeal we consider is from the trial court's denial of appellant's Motion for Reconsideration and Reinstatement filed *pro se*. In such motion appellant asserts that she received notice of the court's dismissal "through the Mail October 7, 1980, the same morning of the dismissal"[2] and that when she contacted her attorney the next day he "acted very surprised [and] said he thought the case was to be heard November or December 1980." (Record at 6.)

Appellees asserted in opposition to appellant's Motion for Reconsideration that both she and her attorney "had notice of the trial date of October 7, 1980, and failed to appear" and that the trial date of October 7, 1980 "was agreed upon by all counsel *and parties* before Calendar Control Judge." (Emphasis added.) (Record at 8.)[3]

The trial court denied appellant's motion on February 13, 1981, without explanation and, insofar as can be determined from the record, without a hearing. If the court were to have concluded that appellant *herself* knew, as appellees assert, that her trial was set for October 7, 1980, and had not appeared on that date, I would be disposed, in light of the unusual length of time during which the suit has been pending, to uphold the court's refusal to reconsider and to reinstate for trial. On the other hand, were the court to have found that only appellant's attorney knew of the trial date on October 7, 1980, and then had mistakenly put down a November or December date, then such attorney's neglect could not be fairly imputed to his client, the appellant.

Accordingly, I would remand to the trial court for further proceedings to determine promptly whether or not appellant herself was aware of her trial date and hence should have been held accountable for her failure to appear and prosecute her action ten years after the occurrence underlying the complaint.

---

1. The record *does not reveal the contents of* appellees' motion to dismiss, if any.

2. This assertion seems unlikely given the time required for mail to be posted and delivered.

3. The case jacket in the trial court bears an entry under date of February 25, 1980, that the case "by consent" was continued to "10/7/80" with "priority." There is also a written praecipe, apparently bearing the signature of appellant's attorney, which continued the case until October 7, 1980.