**David BATTLE, Appellant,**

v.

**James C. JACKSON, Appellee.**

**No. 83–756.**

District of Columbia Court of Appeals.

Argued April 26, 1984.

Decided June 6, 1984.

---

**1144**

Paris A. Artis, Washington, D.C., for appellant.

Irena I. Karpinski, Washington, D.C., for appellee.

Before FERREN, TERRY, and ROGERS, Associate Judges.

PER CURIAM:

This is an appeal from an order dismissing appellant's suit for failure to prosecute. Appellant contends that the trial court erred in ruling, without a hearing, that the record demonstrated his failure to prosecute diligently. We agree.

### I.

Appellant filed a complaint on August 11, 1980, alleging that appellee kept a vicious dog on his business premises and that appellant, a United Parcel Service deliveryman, had been mauled by the dog. Between this time, when a summons was issued to be served by registered mail, and the date of actual and effective service on appellee 29 months later, thirteen summonses were issued. The first, issued August 11, 1980, was not served until October 31, 1980, and appellee filed a motion to quash service, on November 17, 1980, since the summons had expired, see Super.Ct. Civ.R. 4(g) (summons valid for 20 days); the motion was granted. Appellant had alias summonses issued (on November 21, 1980, March 4, 1981, June 17, 1981, and June 18, 1982), but the record does not reflect whether or not service of any of these summonses was attempted. A new attorney entered his appearance on behalf of appellant on July 12, 1982, and five more summonses were issued (on July 12 and September 2, 1982); again the record does not indicate whether service was attempted on either of the summonses issued on July 12; of the three summonses issued on September 2, appellee was served with one, but the summons was insufficient on its face,[1] and a second summons (issued on September 2) was served beyond the expi-

---

1. The summons did not bear a notation that it was an alias summons, it was not signed by the clerk, and it did not bear the court's seal.

ration of the 20-day limitation.[2] Appellee's motions to quash service after service of both summonses were granted with consent of the parties. Two more summonses were issued, on November 18, 1982, but the record does not reflect whether either was served. Finally, on January 6, 1983, a valid summons was issued which was properly served on January 26, 1983.

Appellee moved to dismiss for failure to prosecute on February 18, 1983, alleging that the 29 months' delay between the filing of the complaint and valid service upon appellee showed a lack of due diligence on the part of appellant in prosecuting his case and that the unexplained delay was sufficiently lengthy to constitute a lack of diligence as a matter of law. Appellant filed an opposition asserting that the motion was frivolous and the delay was due to appellee's dilatory tactics and avoidance of service. Although a hearing on the motion to dismiss was scheduled, the trial court did not hold a hearing but issued an order granting appellee's motion. The order contained no factual findings and cited only *Wells v. Wynn*, 311 A.2d 829 (D.C.1973).

## II.

■ A dismissal for failure to prosecute under Superior Court Civil Rule 41(b)[3] is a drastic remedy and should only be granted sparingly. *Frazier v. Center Motors, Inc.*, 418 A.2d 1018, 1020 (D.C.1980); *Beckwith v. Beckwith*, 379 A.2d 955, 959 (D.C.1978). It is an adjudication on the merits, Super.Ct.Civ.R. 41(b); *Garces v. Bradley*, 299 A.2d 142, 144 (D.C.1973), and this court has emphasized the desirability of assuring the right to be heard on the merits. *Frazier v. Center Motors, supra*, 418 A.2d at 1020; *Bennings Associates v.*

*Joseph M. Zamoiski Co.*, 379 A.2d 1171, 1173 (D.C.1977). *See Garces v. Bradley, supra*, 299 A.2d at 144 (recognizing well-settled rule that the "law abhors a default, and the corollary of the rule [is] that dispositions on the merits are favored"). Although a motion to dismiss for failure to prosecute is committed to the sound discretion of the trial court, *see, e.g., Garces v. Bradley, supra*, 299 A.2d at 144; *Akinyode v. Hawkins*, 292 A.2d 795, 796 (D.C. 1972); *Sitwell v. Government Employees Ins. Co.*, 263 A.2d 262, 263 (D.C.1970); *Christian v. Bruno*, 247 A.2d 54, 57 (D.C. 1968), the exercise of that discretion has been defined in a number of decisions. Among the factors that the court must consider are the length of the delay, the reasons for the delay, and any prejudice to the defendant as a result of the delay. See *Frazier v. Center Motors, supra*, 418 A.2d at 1020, and cases cited therein.

■ The question of whether or not a plaintiff has pursued his claim with due diligence is a question of fact for the trial court, to be shown by proper proof. *Christian v. Bruno, supra*, 247 A.2d at 57 (quoting *Parsons v. Hill*, 15 App.D.C. 532, 551 (1900)). However, where there is no dispute of fact, the question may become one of law. *Shakesnider v. Rosenfeld*, 144 A.2d 106, 107 (D.C.1958). Thus, in *Wells v. Wynn, supra*, 311 A.2d at 830, this court held, "[a] delay which is unexplained (and thus unexcused) and of long duration may constitute such a lack of diligence as to require dismissal of an action as a matter of law."

■ We hold that the trial court erred in ruling that the record demonstrated a lack of diligence as a matter of law. In most

---

2. Of the three summonses issued on September 2, apparently only one was properly issued and it was never served.

3. Rule 41(b) provides, in pertinent part:
   *Involuntary dismissal: Effect thereof.* For failure of the plaintiff to prosecute or to comply with these Rules or any order of Court, a defendant may move for dismissal of any action or of any claim against him.... If the

Court renders judgment on the merits against the plaintiff, the Court shall make findings as provided in Rule 52(a). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

decisions upholding a dismissal for failure to prosecute due to delay in effecting service on the defendant, the defendants have presented evidence that they were within the jurisdiction and available for service during the period of delay. *Christian v. Bruno, supra*, 247 A.2d at 57. *See Akinyode v. Hawkins, supra*, 292 A.2d at 797 (defendant's uncontroverted affidavits showed that he was within the jurisdiction and available for service during the entire period of delay). Here, the record shows that appellant alleged appellee "has deliberately and continually evaded service of process," and "harbors a vicious watchdog on his premises which makes personal service of process impractical and very dangerous." Appellee responded by denying that he was evading service and claimed he was available for service at his place of business. Thus, a factual issue was raised as to whether appellant had diligently attempted to serve appellee and service was avoided, or whether appellant did not attempt to make service at all. Since the facts were in dispute, a determination that appellant failed to act diligently as a matter of law was inappropriate.[4]

Recognizing that the trial court may have concluded that the record demonstrated appellee was available for service, as he was in fact twice served with expired or facially invalid summonses on October 31, 1980 and October 31, 1982, we remand nevertheless because the trial court did not give appropriate reasons nor make any findings to support its decision.

> In order to assure that an appellate court, in exercising its narrow scope of review, can accurately gauge the propriety of the imposition of this remedy, the trial court must make a full explication of the factors surrounding its decision to dismiss.

*Morgan v. Leitner*, 444 A.2d 932 (D.C.1982) (citing *Garces v. Bradley, supra*, 299 A.2d

at 144–45). The trial court's reliance on *Wells v. Wynn, supra*, 311 A.2d 829, is inappropriate here. In *Wells*, service of process was not effected until almost four years after plaintiff had filed his suit and during that period, no alias summons was issued and despite the trial court's probing, no explanation of the delay was offered by the plaintiff. Here, appellant had thirteen summonses issued, effected service (but invalid) several times, opposed motions to quash and retained new counsel. His opposition to the motion to dismiss, while brief, did offer an explanation in the assertions that appellee was avoiding service and the dog made service more difficult.

Lastly, appellee did not assert in the trial court, nor does he here, that he suffered any prejudice from the delay. In vacating the order dismissing the suit and remanding, this court noted in *Garces v. Bradley, supra*, 299 A.2d at 144–45 that

> Certainly the absence of any such showing was one of the considerations which the trial court was required to weigh in exercising its discretion. *See Christian v. Bruno*, D.C.App., 247 A.2d 54 (1968).

Because a dismissal under Rule 41(b) operates as an adjudication on the merits, a finding as to whether or not appellee was prejudiced by the delay is essential to meaningful appellate review. The record in this case is barren of any such findings. Thus, in the absence of either a transcript or appropriate findings, we are unable to conclude how, if at all, the trial court exercised its discretion.

▆▆▆ Appellee argues that the difficulty in effecting service of process in this case was due to appellant's attorney's unfamiliarity with the rules of the Superior Court. We are not inclined, on this record, to make that assumption or to visit the possible shortcomings of the attorney on his client. *See Christian v. Bruno, supra*, 247 A.2d

---

**4.** Appellant's opposition to the motion to dismiss only contained conclusory assertions, in anticipation, he advised at oral argument, of supplementing his claims at the scheduled hearing, which was cancelled on the Friday before

the Monday scheduled hearing. This practice is not sanctioned, however, as he asserted, by the rules of the D.C.Superior Court. Super.Ct.Civ.R. 12–I.

at 58 ("'[u]nder the circumstances the doom entered below seems altogether too final and definitive'" to warrant holding client to suffer his attorney's neglect) (quoting *Lyford v. Carter,* 274 F.2d 815, 816 (2d Cir.1960)); *Morgan v. Leitner, supra,* 444 A.2d at 934 (Kern, J. dissenting) (attorney's neglect should not be imputed to his client, but would remand to determine if client aware of trial date or only attorney). That plaintiff retained new counsel also distinguishes this case from those in which the client's own negligence has been the basis for upholding the dismissal. *See Railway Express Agency, Inc. v. Hill,* 250 A.2d 923 (D.C.1969) (declined to impute to client the attorney's actions, but dismissal upheld because client was negli-

gent in failing to take any steps for 20 months to revive his lawsuit).[5]

Accordingly, we remand this matter to the trial court for a hearing to resolve the factual issues and determine the reasons for the delay in service of process and whether any prejudice resulted therefrom to appellee, and for entry thereafter of an appropriate order.

*Reversed and Remanded.*

---

**5.** But see *Christian v. Bruno, supra,* 247 A.2d at 58 n. 12 citing cases where the failings of counsel may be visited upon the client. *See also Railway Express Agency, Inc. v. Hill, supra,* 250

A.2d at 926 (the rule that acts and omissions of counsel are ordinarily imputed to the client is necessary for the orderly conduct of litigation) (citation omitted).