William R. Naeher, Washington, D.C., for appellants.

William S. Hopkins, Washington, D.C., for appellees.

Before MACK, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellants-plaintiffs appeal the dismissal of their suit for lack of prosecution under Super.Ct.Civ.R. 41(b). Because they failed to take any action for forty-five months and the record fails to indicate any meritorious explanation for their inaction, we affirm.

**James C. BROWN, et al., Appellants,**

v.

**William COHEN, et al., Appellees.**

No. 84–832.

District of Columbia Court of Appeals.

Argued April 17, 1985.

Decided Feb. 19, 1986.

I

Appellants (Brown)[1] are the owners of real property adjoining the Vanguard Building, which is owned by the appellees (Cohen).[2] Brown sued Cohen on November 16, 1979, for damages as a result of a concealed subterranean encroachment of the Vanguard Building onto Brown's property and for maintaining a private nuisance. The complaint stated Brown had first learned of the encroachment in De-

---

1. Appellants are James C. Brown, Raymond K. Brown, Thomas P. Brown III, individually and as general partners of 1901 L Street Limited Partnership.

2. Appellees are William Cohen, S. Greenhoot Fischer, and Simon Hirschman.

cember, 1976. On February 12, 1980, Cohen filed an answer and third party complaints against the general contractor, George A. Fuller Company, Inc. (Fuller), and architect, Alan J. Lochman (Lochman), for the Vanguard Building. Lochman filed an answer to the third party complaint and a cross-claim against Fuller on March 14, 1980,[3] and a motion for summary judgment on May 16, 1980. Fuller filed a similar motion on May 21, 1980 alleging the suit was barred by the statute of limitations. Cohen filed an opposition to the motions on May 23, 1980. After a hearing on June 30, 1980, the summary judgment motions were denied.

Forty-five months later, on April 4, 1984, Cohen filed a motion to dismiss for failure to prosecute under Super.Ct.Civ.R. 41(b). He moved in the alternative for summary judgment under Super.Ct.Civ.R. 56, noting by affidavit and statement of material facts as to which there is no genuine issue, Super.Ct.Civ.R. 12–I(k), that construction of the Vanguard Building was substantially complete on January 27, 1976, and that accordingly, the statute of limitations had expired on Brown's claim at the time his complaint was filed. Fuller and Lochman also filed motions to dismiss all claims against them for lack of prosecution. Brown opposed the motions and requested a hearing. On May 17, 1984, the trial court, without a hearing, dismissed Brown's complaint because of his failure to prosecute, and in addition granted summary judgment to Cohen on the ground that the complaint had been filed following the expiration of the statute of limitations. The trial court also dismissed Cohen's third-party complaint and Lochman's cross-claim. Brown filed a motion for reconsideration, which was denied on July 6, 1984.

## II

A motion to dismiss for failure to prosecute is committed to the sound discretion of the trial court, *Battle v. Jackson*, 476 A.2d 1143, 1145 (D.C.1984), and cases cited therein, and its decision will not be disturbed on appeal absent an abuse of discretion. *Taylor v. Washington Hospital Center*, 407 A.2d 585, 590 (D.C. 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980); *Beckwith v. Beckwith*, 379 A.2d 955, 958–59 (D.C.1977), *cert. denied*, 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978). Indeed, this court has stated it will reverse only in an extreme case. *Akinyode v. Hawkins*, 292 A.2d 795, 796–97 (D.C.1972) (citing *Berch v. Rosner*, 136 A.2d 260, 261 (D.C.1957)). However, we have also indicated that a dismissal for failure to prosecute under Rule 41(b)[4] is a drastic remedy and should be granted sparingly. *Battle v. Jackson, supra*, 476 A.2d at 1145; *White v. Washington Metropolitan Area Transit Authority*, 432 A.2d 726, 728 (D.C.1981).

Most recently in *LaPrade v. Lehman*, 490 A.2d 1151, 1155 (D.C.1985), we stated that "[w]e may not, in any case, uphold a dismissal with prejudice under Rule 41(b) absent some showing that the trial court has complied with the guidelines we have set forth for exercises of discretion to dismiss under that rule." In recognition of the drastic nature of a dismissal under Rule 41, a trial court must consider several factors, including the length of the delay, the reasons for the delay, and any prejudice to the defendant as a result of the

---

3. Lochman also filed a motion for a more definite statement and for dismissal on the grounds of lack of jurisdiction on March 27, 1980. On April 7, 1980, Cohen filed an opposition. Fuller never answered either the third party complaint or the cross-claim against him.

4. Super.Ct.Civ.R. 41(b) provides in relevant part:

INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of Court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

delay. *Battle v. Jackson, supra,* 476 A.2d at 1145; *Frazier v. Center Motors, Inc.,* 418 A.2d 1018, 1020 (D.C.1980); *see Morgan v. Leitner,* 444 A.2d 932, 933 (D.C. 1982), and cases cited therein. The court must also consider whether less severe sanctions are justified and whether the delay was deliberately caused by the plaintiff. *Garces v. Bradley,* 299 A.2d 142, 144 (D.C. 1973). *See also Durham v. District of Columbia,* 494 A.2d 1346, 1351–52 (D.C. 1985) (dismissal under Rule 16–II for failure to appear at pretrial conference); *LaPrade v. Lehman, supra,* 490 A.2d at 1155 (dismissal under Rule 41(b) for failure to comply with rules of court); *Braxton v. Howard University,* 472 A.2d 1363, 1365 (D.C.1984) (dismissal under Rule 37 for failure to comply with discovery requests).

The question of whether a plaintiff has pursued his claim with due diligence is a question of fact for the trial judge. *Battle v. Jackson, supra,* 476 A.2d at 1145; *Gaertner v. Eugene Leland Memorial Hospital,* 248 A.2d 817, 819 (D.C.1968). The trial court must explain the factors surrounding its decision to dismiss. *Morgan v. Leitner, supra,* 444 A.2d at 932; *see Garces v. Bradley, supra,* 299 A.2d at 145. But if the facts are undisputed or the record clearly reflects the grounds of the trial court's decision, the question of lack of due diligence sufficient to dismiss for failure to prosecute then becomes one of law. *Battle v. Jackson, supra,* 476 A.2d at 1145 (quoting *Wells v. Wynn,* 311 A.2d 829, 830 (D.C. 1973)); *Shakesnider v. Rosenfeld,* 144 A.2d 106, 107 (D.C.1958).

This court has long held that the plaintiff has a clear duty to prosecute claims diligently. *Wells v. Wynn, supra,* 311 A.2d at 830; *Woods v. Baltimore & Ohio Railroad Co.,* 149 A.2d 425 (D.C.1959); *Shakesnider v. Rosenfeld, supra,* 144 A.2d at 107; *compare Bell v. Thomas,* 109 A.2d 580 (D.C. 1954) (three-year delay warrants dismissal).

We have held that a plaintiff must inquire within a reasonable time about the status of his case and take appropriate steps to bring his case to trial. *Sitwell v. Government Employees Insurance Co.,* 263 A.2d 262, 264 (D.C.1970). An inexcusable delay in bringing a case to trial will generally warrant dismissal. *Gaertner v. Eugene Leland Memorial Hospital, supra,* 248 A.2d at 819; *Bell v. Thomas, supra,* 109 A.2d at 580–81.

■ The parties do not dispute, and the record is clear, that Brown took no action for 45 months after the third party defendants' motions for summary judgment were denied. Brown argues that he had no duty to act because the case was not at issue and could not come to trial under Super.Ct. Civ.R. 40–I.[5] Brown relies on the fact that one of the third party defendants, Fuller, had never answered Cohen's third party complaint or Lochman's cross-claim and neither Cohen nor Lochman had filed a motion to compel an answer. Cohen responds that Brown's suit was at issue when Cohen filed an answer in February 1980, and, since the only actions taken by Brown after filing his complaint were defensive actions, that the complaint was properly subject to dismissal for lack of prosecution under Rule 41(b) after a four year delay.

Brown never filed any pleading to resolve whether his case was at issue. *See Belcher v. Johnson,* 427 A.2d 436, 437 (D.C.) (per curiam) (appellants have duty to file motion to compel discovery when defendants thwart progression of case), *cert. denied,* 454 U.S. 835, 102 S.Ct. 137, 70 L.Ed.2d 115 (1981); *Garces v. Bradley, supra,* 299 A.2d at 144 (plaintiff filed motion to calendar case for trial); *Christian v. Bruno,* 247 A.2d 54, 55 (D.C.1968) (same). Super.Ct.Civ.R. 14(a) provides that a plaintiff may move for a separate trial or to

---

5. Super.Ct.Civ.R. 40–I(a) provides:
 THE ASSIGNMENT OF CASES FOR TRIAL
 (a) ESTABLISHMENT OF TRIAL DATE. The Assignment Commissioner shall, as soon as practicable after the date of issue, establish a trial date for all civil cases, with the exception of those cases certified to the Civil I Branch pursuant to Rule 40–II or assigned to a single judge for all purposes, pursuant to Rule 40–I(f).

sever third-party defendants.[6] *See also* Super.Ct.Civ.R. 42(b) (court may order separate trial of any claim for convenience or to avoid prejudice). Brown did not seek a status conference, and the record does not indicate that the assignment commissioner refused to set the case for trial because it was not at issue under Super.Ct.Civ.Rule 40–I. Nor did Brown commence discovery or file a motion for summary judgment after Cohen filed his answer.

 Brown's reliance on the clerk's notice provision of Rule 41–I(b) [7] is misplaced; the plaintiff, not the clerk, has the duty to prosecute diligently. *Christian v. Bruno, supra*, 247 A.2d at 56. Brown's bare assertion that during the four year period he periodically checked the court record to see if Fuller had filed an answer is insufficient to show due diligence. Similarly, Brown's other explanation, that counsel's change of law firms and Brown's change of counsel may have resulted in a lack of communication with counsel, is insufficient to excuse his lack of diligence. *Woods v. Baltimore & Ohio Railroad Co., supra*, 149 A.2d at 426 (unsupported statements that file was misplaced or that plaintiff was never advised of status of case insufficient to absolve plaintiff of obligation to move case to trial); *see C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1207–08 (7th Cir.1984) (problems appellants had experienced with counsel insufficient basis to vacate default judgment).

Although the trial court's order did not include findings, the record on appeal is sufficient to permit this court to determine whether Cohen was prejudiced by the delay. *See Morgan v. Leitner, supra*, 444 A.2d at 933; *cf. Garces v. Bradley, supra*, 299 A.2d at 145 (absence of appropriate

findings and lack of transcript required remand). Further, since the facts are not in dispute and the delay was long and unexplained, we can determine whether Brown's lack of due diligence constitutes a lack of prosecution as a matter of law. *See Shakesnider v. Rosenfeld, supra*, 144 A.2d at 107. The acts of the contractors and subcontractors for Cohen's building occurred almost twenty years ago, and construction of the adjacent building by Brown began more than seven years before the complaint was dismissed. The four-year delay is clearly long. *See, e.g., Belcher v. Johnson, supra*, 427 A.2d at 437 (nine months of inaction); *Frazier v. Center Motors, supra*, 418 A.2d at 1021 (eighteen months of inaction, but explanation reasonable). The additional forty-five month delay in the instant case simply exacerbates problems of document location and fading memories.

The record offers no evidence that during the interim Brown made any effort to pursue his claim. *See, e.g., Gaertner v. Eugene Leland Memorial Hospital, supra*, 248 A.2d at 819 (settlement discussion being attempted); *Christian v. Bruno, supra*, 247 A.2d at 58 ("period of vigorous activity in which depositions were taken and motions argued"). Contrary to Brown's contentions, nothing prevented him from proceeding. *Cf. White v. Washington Metropolitan Area Transit Authority, supra*, 432 A.2d at 729 (trial court order denying discovery was substantial reason for plaintiff's inability to proceed). In contrast, Brown's reliance on Cohen's inaction is entitled to relatively little weight. *Cf. Morgan v. Leitner, supra*, 444 A.2d at 933 (defendants contributed to delay by continuances); *Frazier v. Center Motors, supra*, 418 A.2d at 1021 (discovery

---

**6.** We find no merit in Brown's contention that his duty to prosecute was abrogated when District of Columbia Court of General Sessions Civil Rule 79(c) was replaced with Super.Ct. Civ.R. 41–I(a) & (b). *Christian v. Bruno, supra*, 247 A.2d at 56.

**7.** Super.Ct.Civ.R. 41–I(b) provides in relevant part:

WARNING. One month prior to the termination of the 6 month period, the Clerk shall warn the dilatory party by mail that his claim will stand dismissed if he fails to comply with this Rule, making an entry in the docket of the mailing. If the case has been assigned to a single judge, notice of this warning shall also be given to that judge.

materials stolen and defendant dilatory in responding to plaintiff's requests for copies). *See also Overholt v. Matthews,* 48 App.D.C. 482, 490 (1919) (defendant at fault for delay by suppressing facts). *But cf. Meloy v. Keenan,* 17 App.D.C. 235, 237 (1900) (since defendant equally at fault, trial court abused its discretion in dismissing the complaint notwithstanding sixteen-year delay after issue joined, in absence of statute or rule of court requiring case to be brought to trial within a given period); *Tinnerman Products, Inc. v. George K. Garrett Co.,* 22 F.R.D. 56, 57 (E.D.Pa.1958) (parties equally at default because defendant with counterclaim pending against plaintiff had ability to bring case to trial and failed to do so).

█ Because of the long-standing preference for a trial on the merits,[8] this court is, understandably, reluctant to affirm a Rule 41(b) dismissal. *See Christian v. Bruno, supra,* 247 A.2d at 58. We have been less reluctant to affirm, however, where a plaintiff sits back and makes no effort to prosecute his claim. *Belcher v. Johnson, supra,* 427 A.2d at 437 (plaintiff "literally did nothing" for nine months); *Sitwell v. Government Employees Insurance Co., supra,* 263 A.2d at 264 (plaintiff merely sat back for 35 months and waited for court to notify her of pretrial conference); *cf. Shakesnider v. Rosenfeld, supra,* 144 A.2d at 107 (17 month failure to make any effort to serve one defendant or to bring case to trial against other defendant). We view this case as falling within the latter category, and affirm.[9]

*Affirmed.*

---

8. *Clark v. Moler,* 418 A.2d 1039, 1041 (D.C.1980); *Dunn v. Profitt,* 408 A.2d 991, 993 (D.C.1979) (per curiam); *Jones v. Hunt,* 298 A.2d 220, 221 (D.C.1972).

9. Since we affirm the trial court's dismissal with prejudice of Brown's complaint, we need not address his contention that the trial court erred in concluding that his claim was barred by the statute of limitations and in granting summary judgment to Cohen on that basis, without a hearing.