**Judy RIPALDA, Appellant,**

v.

**AMERICAN OPERATIONS CORPORATION, et al., Appellees.**

No. 94–CV–1101.

District of Columbia Court of Appeals.

Argued Jan. 26, 1996.

Decided March 28, 1996.

---

**7.** The same contractual provision required Maryland Drywall to indemnify the District of Columbia ("the Owner") as well.

David P. Sutton, with whom David L. Hilton, Washington, DC, was on the brief, for appellant.

Steven R. Buckner, Bethesda, MD, with whom Andrew B. Schulwolf, Washington, DC, was on the brief, for appellees.

Robert A. Rohrbaugh, Bethesda, MD, argued the case on behalf of the appellees.

Before FERREN, KING, and RUIZ, Associate Judges.

FERREN, Associate Judge:

Plaintiff-appellant, Judy Ripalda, appeals the trial court's denial of her motion to reinstate her personal injury claim against American Operations Corporation and Systems Planning Corporation, defendants-appellees.

Ripalda contends the trial court misapplied the relevant factors for deciding a motion to reinstate her complaint. She argues, in particular, that the trial court erred in finding her responsible for, and appellees prejudiced by, a 36–month delay in ruling on her timely filed motion for reinstatement. We affirm.

## I.

On August 4, 1987, Ripalda received personal injuries when she slipped and fell in a local government building. According to Ripalda, a leaking air conditioner operated by American Operation Corporation (American), a Delaware corporation, caused the floor to become slippery, which in turn caused her to fall and sustain injuries. Employees of Kleanmaster, Inc., a Florida corporation, were later sent to clean the floor. When Ripalda attempted to cross the floor a second time, Kleanmaster employees instructed her to walk in a particular area. She slipped and fell again, sustaining further injuries.

On July 23, 1990, Ripalda filed suit in the United States District Court for the District of Columbia against American and Kleanmaster alleging that the negligence of defendants' employees had caused her injuries. Ripalda's complaint was later amended to name Systems Planning Corporation (Systems Planning), a Delaware corporation, as a defendant after Ripalda learned that American had merged into Systems Planning before her accident.[1] The federal District Court dismissed Ripalda's claims against Systems Planning and Kleanmaster on February 8, 1991 and February 25, 1991, respectively, for lack of subject matter jurisdiction. A successful appeal reinstated Ripalda's second amended complaint on October 20, 1992, but her federal suit eventually was dismissed with prejudice on May 20, 1994.[2] Ripalda did not appeal.

Meanwhile, eight and one-half months after filing her federal lawsuit, Ripalda filed a

---

1. American and Systems Planning defended, in part, on the ground that, although there did exist an "American Operations Corporation" at the time of the accident, it could not be a proper defendant because it had been incorporated as a second, paper entity merely to preserve the corporate name of the original "American Operations Corporation" that had merged into Systems Planning.

2. The defendant named in Ripalda's second, amended complaint was the paper entity created to preserve the corporate name of the original "American Operations Corporation," see *supra* note 1, and therefore the dismissal with prejudice of Ripalda's complaint did not operate as a res judicata bar to the claims brought against defendants-appellees in Superior Court. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 34 (1982); 18

complaint against American and Systems Planning on April 3, 1991 in Superior Court alleging the same cause of action.[3] Both defendants filed motions for judgment on the pleadings, invoking the applicable statute of limitations. American also filed a separate motion to dismiss for lack of personal jurisdiction. On July 12, 1991, after Ripalda's counsel failed to appear at an initial scheduling conference, the trial court dismissed the complaint *sua sponte* under Super.Ct.Civ.R. 41(b) (1995).[4] Ripalda did not directly appeal that dismissal.[5]

On July 26, 1991, Ripalda filed a timely motion to reinstate her claim under Super.Ct.Civ.R. 41(b). See *supra* note 4. According to Ripalda's motion, counsel failed to attend the initial scheduling conference because counsel was unaware that the court order scheduling the conference had been attached to the copy of the summons and complaint returned by the clerk's office. Ripalda's motion remained pending, and her case was dormant, for the next 36 months. During this period, Ripalda inquired about the status of her motion four times, twice by letter and twice by phone. Although Judge Long advised Ripalda at one point to file another motion or a new complaint, Ripalda did not do so. Finally, on July 13, 1994, after dismissal of Ripalda's federal court action, she filed a motion for a ruling on the motion to reinstate her Superior Court claim. The trial court denied the motion on August 1, 1994. After Ripalda had noted a timely appeal, this court remanded for a statement of trial court findings of fact and conclusions of law.

On remand, treating Ripalda's Rule 41(b) motion as if filed pursuant to Super.Ct.Civ.R. 60(b)(1) (1995)[6]—a recharacterization that Ripalda does not challenge[7]—the trial court

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4448–49 (1981).

3. Because a settlement agreement had been reached between Ripalda and Kleanmaster before Ripalda filed her Superior Court complaint, Kleanmaster was not a named defendant.

4. Super.Ct.Civ.R. 41(b) in relevant part provides: Any order of dismissal entered sua sponte, including a dismissal for failure to effect service within the time prescribed in Rule 4(j), shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed.

5. The trial judge did not specify whether the dismissal was with or without prejudice. Under Super.Ct.Civ.R. 41(b), it operated as an adjudication on the merits and was an appealable "final order" under D.C.Code § 11–721(a)(1) (1995 Repl.). *Johnson v. Berry*, 658 A.2d 1051, 1052 n. 2 (D.C.1995). We previously have noted, in reviewing a direct appeal, that dismissal of a complaint with prejudice will rarely be merited simply because counsel fails to appear at an initial hearing or pretrial conference; the trial court *must consider lesser sanctions. See Johnson*, 658 A.2d at 1053–54 & n. 5; *Durham v. District of Columbia*, 494 A.2d 1346, 1350–51 (D.C.1985). Ripalda failed, however, to file a direct appeal under D.C.App.R. 4(a) and thus challenges in this proceeding only the court's denial of the motion to reinstate the complaint, not its initial dismissal. Accordingly, the only issue before this court is whether the trial court abused its discretion in denying appellant's motion to reinstate. *See Reid v. District of Columbia*, 634 A.2d 423, 424 n. 1 (D.C.1993).

6. The trial court "denied plaintiff's 1994 Motion under Super.Ct.Civ.R. 41(b), finding no good cause and after evaluating the five factors set forth in *Reid v. District of Columbia*, 634 A.2d 423 (D.C.1993), as if the motion had been filed under Super.Ct.Civ.R. 60(b)." Super.Ct.Civ.R. 60(b), in part, provides:

On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

7. Although Ripalda filed a timely motion to reinstate under Rule 41(b), which requires her to show "good cause why the case should not be dismissed," see *supra* note 4, she does not question the trial court's application of the factors specified under Rule 60(b)(1) in conducting that "good cause" analysis. Accordingly, we do not consider whether denial of a timely filed Rule 41(b) motion to vacate a *sua sponte* dismissal of a complaint presents any issue on appeal that differs from review of a denial to reinstate under Rule 60(b)(1). *Compare Bulin v. Stein*, 668 A.2d 810, 815 (D.C.1995) (principal factor considered

ruled that counsel's failure to attend the initial scheduling conference was not excusable neglect. The court applied the factors specified in *Reid v. District of Columbia*, 634 A.2d 423, 424 (D.C.1993) (citing *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1159–60 (D.C.1985)), as applicable to a Rule 60(b)(1) motion, focussing both on counsel's dilatory conduct during the 36 months while the motion to reinstate was pending and on the prejudice to defendants caused by the delay. The court ruled, in the alternative, that Ripalda's claim was time-barred under the applicable three-year statute of limitations. *See* D.C.Code § 12–301 (1995 Repl.) (limitation of time for bringing actions). Ripalda noted a timely appeal.

## II.

▮▮▮ The principal issue on appeal is whether the trial court abused its discretion in denying under Rule 60(b)(1), see *supra* note 6, appellant's motion to reinstate her claim. Although Rule 60(b) determinations are "committed to the sound discretion of the trial judge, even a slight abuse of discretion warrants reversal." *Johnson v. Berry*, 658 A.2d 1051, 1053 (D.C.1995). Specifically, when ruling under Rule 60(b)(1) on a motion to reinstate, the trial court, in addition to determining whether there has been "[m]istake, inadvertence, surprise, or excusable neglect," is required to consider the following five factors:

> whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. (5) Prejudice to the non-moving party is also relevant.

*Starling*, 495 A.2d at 1159–60; *see also Johnson*, 658 A.2d at 1053; *Reid*, 634 A.2d at 424. We have applied these factors on other occasions when an action had been dismissed, as it was here, for failure to appear at a scheduling or pretrial conference. *See Johnson*, 658 A.2d at 1052 (failure to appear at initial scheduling conference); *Reid*, 634 A.2d at 424 (same); *Clay v. Deering*, 618 A.2d 92, 94–95 (D.C.1992) (failure to attend pretrial conference).

In elaborating its findings of fact and conclusions of law, the trial court applied the *Starling* factors relevant to the present case. After observing that counsel for Ripalda had received notice of the scheduling conference date (first factor), the trial court then noted that Ripalda's "delay and indifference" in pursuing her Superior Court claim after she had timely filed her motion for reinstatement—a lethargy which the court, without expressly saying so, clearly considered relevant in deciding whether Ripalda had acted in "good faith" and taken "prompt action," *Starling*, 495 A.2d at 1159, to reinstate her claim (second and third factors). Additionally, the trial court concluded that "the delay in pursuing this matter has prejudiced the Defendants [Systems Planning and American] severely" (fifth factor).[8]

▮▮▮ Ripalda contends the trial court abused its discretion by considering her conduct as the moving party, and the length of time that elapsed, after her timely motion to reinstate had been filed. Once the motion was filed, according to Ripalda, any delay was attributable to the court, not to the moving party.

As a threshold matter, we observe that this appeal presents an unusual factual scenario. Typically, a party who promptly moves to reinstate a claim is interested in swiftly pursuing the motion; rarely does the movant promptly file a motion to reinstate and then wait three years before seeking a ruling on the motion. Contrary to Ripalda's position, we are satisfied that her role in this lengthy delay between timely filing the reinstatement motion and resolving the motion is highly relevant to its proper resolution.

▮▮▮ By contending that the trial court erred in considering her behavior after filing

in Rule 41(b) "good-cause injury" is reason for plaintiff's failure to comply with rule; prejudice to plaintiff and lack of prejudice to defendant also relevant) (citing *Cameron v. Washington Metro. Area Trans. Auth.*, 649 A.2d 291, 293–94 (D.C. 1994)).

8. *Starling's* fourth factor—whether the movant has "presented an adequate defense"—applies only in cases where a defendant seeks to vacate a default judgment and thus is not applicable here. *See Johnson*, 658 A.2d at 1054.

the motion, Ripalda asks this court to hold her blameless for a 36-month delay. We cannot do so. The law is well settled: a "plaintiff must prosecute his [or her] action with due diligence and that lack of diligence warrants dismissal of his [or her] action." *Sitwell v. Government Employees Ins. Co.,* 263 A.2d 262, 263 (D.C.1970); *see also Brown v. Cohen,* 505 A.2d 77, 79 (D.C.1986); *Beckwith v. Beckwith,* 379 A.2d 955, 958 (D.C. 1978); *Shakesnider v. Rosenfeld,* 144 A.2d 106, 107 (D.C.1958). A plaintiff's affirmative duty to prosecute a lawsuit diligently extends to pursuit of motions pending before the court.

In *Sitwell,* for example, we found no abuse of discretion where the trial court had dismissed plaintiff's suit after his failure to arrange for scheduling pretrial matters for over 35 months. We said:

> It is the plaintiff's duty to inquire [of the court] within a reasonable time about the inaction of his [or her] claim and take appropriate steps to bring his [or her] case to trial.

*Sitwell,* 263 A.2d at 264; *see also Brown,* 505 A.2d at 79 (plaintiff's duty to prosecute action even though case may not yet be at issue); *Cameron v. Washington Metro. Area Trans. Auth.,* 649 A.2d 291, 294 (D.C.1994) (plaintiff's duty to keep abreast of status of case). Ripalda, therefore, was obliged to "take appropriate steps" to bring her case to trial once she had filed her motion to reinstate; she is not excused by the court's own inaction.

Contrary to Ripalda's claim on appeal that "events were *totally beyond the control* of Ripalda and her attorney," Ripalda easily could have expedited the litigation by (1) directly appealing the trial court's dismissal of her claim, or by (2) filing a motion—as she eventually did—requesting a ruling on her motion. Without precisely answering the difficult question of how much effort a plaintiff must exert to satisfy the duty to prosecute

the claim diligently, we are satisfied that Ripalda's effort here—two letters and two phone calls to the court over a period of nearly three years—falls far short.

■ Ripalda's reliance on Super.Ct.Civ.R. 12–I(m) (1995) to establish that a plaintiff has no duty to take further action after filing her motion to reinstate will not work.[9] Although Rule 12–I(m) does obligate the Clerk's Office to inform judges of pending motions and requires judges, under specified circumstances, to provide a written explanation to the Chief Judge of the Superior Court when a decision has not been reached, that rule is not intended to alter the fact that "the plaintiff, not the clerk [or the court], has the duty to prosecute diligently." *Brown,* 505 A.2d at 80.

Applying *Sitwell,* we conclude that the trial court did not err when it found insufficient Ripalda's limited efforts to press her motion for reinstatement. The court had a basis for concluding Ripalda had not "acted in good faith" and had failed to take "prompt action." *Starling,* 495 A.2d at 1159.

Nor did the trial court err in considering the prejudice that would have been created by reinstating Ripalda's claim after a 36-month delay. While Ripalda's Superior Court motion was pending, she was litigating a virtually identical claim in a federal forum. This may have served to diminish somewhat the difficulties, and thus the prejudice, to American and Systems Planning when Ripalda sought to reactivate her Superior Court claim. Defendants-appellees were aware that Ripalda was serious about pursuing her personal injury action against them, and they were aware that, in the event the federal suit failed, the discovery and sworn testimony

**9.** Super.Ct.Civ.R. 12–I(m) provides:
> If a decision has not been rendered within 45 days of the date on which a motion was filed or a non-jury trial concluded, the Clerk shall send notice of that fact to the assigned judge and shall repeat such notice every 30 days thereafter until a decision is rendered. If no decision has been rendered within 60 days of the issuance of the 1st such notice, the Clerk

> thereafter shall so advise that judge and the Chief Judge, and the assigned judge shall provide to the Chief Judge within 30 days a written explanation for why the decision has not been rendered. The Chief Judge may take any action the Chief Judge deems appropriate in order to cause a matter to be decided promptly.

from the federal court litigation would be available for a Superior Court action in the event that witnesses could not, for any reason, be called to testify a second time.

On the other hand, because Ripalda's Superior Court complaint was never reinstated, we cannot say that her inchoate claim had the status of a protective lawsuit, properly filed in Superior Court and stayed pending resolution or dismissal of federal and pendant state claims. *See Gilles v. Ware,* 615 A.2d 533, 542 n. 13 (D.C.1992). American and Systems Planning, therefore, had no clear notice that a revitalized Superior Court lawsuit might await them if the District Court action failed.

The fact is, despite the availability of the federal court record, trials are intended to present live testimony and available documentation. In the best of circumstances, passage of time "exacerbates problems of document location and fading memories." *Brown,* 505 A.2d at 80. The allegedly negligent acts forming the basis for Ripalda's claim occurred in 1987, approximately three years before the federal court complaint was first dismissed. The additional 36–month delay caused by Ripalda's ultimately unsuccessful venture into federal court is unquestionably substantial. *See, e.g., Belcher v. Johnson,* 427 A.2d 436, 437 (D.C.), *cert. denied,* 454 U.S. 835, 102 S.Ct. 137, 70 L.Ed.2d 115 (1981) (nine months of inaction); *Frazier v. Center Motors, Inc.,* 418 A.2d 1018, 1021 (D.C.1980) (eighteen months of inaction); *Sitwell,* 263 A.2d at 264 (thirty-five months of inaction). Perhaps the situation would be different if Ripalda had perfected and stayed a protective lawsuit in Superior Court while the federal action was pending. But she did not. We perceive no error in the trial court's assessment that American and Systems Planning would be prejudiced by reinstatement of Ripalda's complaint. *See Starling,* 495 A.2d at 1159–60.

\* \* \*

We conclude, accordingly, that the trial court did not abuse its discretion in denying Ripalda's motion to reinstate.[10]

*Affirmed.*

---

**10.** We do not reach the trial court's alternative ground for denying Ripalda's motion: the three-year statute of limitations. We do note, however, in connection with Ripalda's contention that defendants-appellees had fraudulently concealed Systems Planning's identity (and relation to the complaint) until September 5, 1990, that this court has held that "concealment of the identity of liable parties, unlike the concealment of the existence of a claim, is insufficient to toll the statute of limitations." *Estate of Chappelle v. Sanders,* 442 A.2d 157, 159 (D.C.1982).