**Linda A. JONES, Appellant,**

v.

**Thomas R. HUNT, Appellee.**

**No. 6655.**

District of Columbia Court of Appeals.

Argued Nov. 8, 1972.

Decided Dec. 20, 1972.

---

2. Appellant raises no question of laches or estoppel, but merely one of credibility.

Raymond A. Yost, Washington, D. C., for appellant. Robert E. Anderson, Washington, D. C., also entered an appearance for appellant.

Alexander L. Benton, Washington, D. C., with whom Frank R. Cook, Jr., Washington, D. C., was on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

Appellant questions the correctness of the denial of her motion to vacate default judgment and to quash service of process. We hold that the motions judge abused his discretion in denying the motion. We do not reach the other issue of lack of jurisdiction since a verified answer was filed with the motion by appellant.[1]

On April 14, 1970, appellant and appellee were involved in a motor vehicle collision in the intersection of Firth Sterling Avenue and Howard Road, S.E., Washington, D. C. The accident was investigated by the Metropolitan Police Department and appellant was ticketed for failure to yield the right-of-way. The accident report listed appellant's address as 3510 18th Street, S. E., Washington, D. C.

On December 10, 1970, appellee filed suit in the District of Columbia Court of General Sessions (now Superior Court of the District of Columbia). Service was attempted at the 18th Street address but was ineffective because appellant had moved.

Appellee subsequently discovered that appellant's insurance carrier had filed an SR 21 form with the Safety Responsibility Section of the Department of Motor Vehicles listing her address as 23 Spruce Street, Chambersburg, Pennsylvania. Service was then attempted by registered mail pursuant to D.C.Code 1967, § 40–423. The letter was returned marked "Addressee Unknown; Moved Left no Address." An order of publication was obtained pursuant to D.C.Code 1967, § 13–336. After the third publication, a default was entered on November 1, 1971, and default judgment was entered on December 3, 1971, in the amount of $4,500.

On April 25, 1972, appellant filed a motion to vacate default judgment and to quash service of process which was accompanied by a verified answer and an unopposed affidavit. According to her affidavit, she lived at 3510 18th Street, S.E., Washington, D. C., at the time of the accident; that, subsequent to the accident, she moved to 60 Diamond Avenue, Fayetteville, Pennsylvania; that on or about August 1971 she moved to 1042 Oxalis Avenue, Orlando, Florida; and that she has never been served with suit papers nor has she in any manner received notice of this law suit. The motions judge, after argument of counsel, denied the motion without giving any reasons.[2]

It is firmly established that the grant or denial of a motion to vacate default judgment under Superior Court Civil Rule 60(b)(6) is committed to the sound discretion of the trial judge, but this court has long recognized that even a slight abuse of discretion in refusing to set aside a judgment may justify reversal.[3] The rationale behind this standard of review is that courts universally favor a trial on the merits. However, each case must be evaluated in light of its own particular facts after consideration of the following factors: did the movant (1) have actual no-

---

1. *See* 6 C.J.S. Appearances § 12f (1937). We also note that no issue is raised concerning the timeliness of the motion.

2. We note that no transcript or statement of proceedings and evidence was filed.

3. Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634 (1969); Meadis v. Atlantic Constr. & Supply Co., D.C. App., 212 A.2d 613 (1965); Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791 (1948).

tice of the proceeding; (2) act in good faith; (3) present a *prima facie* adequate defense; and (4) act promptly. Prejudice to the non-moving party should also be considered. Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634 (1969).

In the instant case the record reveals that appellant never received notice of the suit. Likewise, it is not shown that appellant's moves were made in a bad faith attempt to avoid the process of the trial court. Furthermore, appellant's verified answer sets out circumstances which, if proved, will defeat appellee's claim. Finally, there is no showing that appellee's claim will be prejudiced by a trial on the merits and, in the absence of such a showing, it will be presumed that he will be able to prove his case at any time.

Therefore, we hold appellant's motion to set aside the default judgment should have been granted.

Reversed and remanded with instruction to set aside the default.