**UNION STORAGE COMPANY, INC., Appellant,**

v.

**Sara KNIGHT, Appellee.**

**No. 12796.**

District of Columbia Court of Appeals.

Argued Jan. 17, 1979.

Decided March 22, 1979.

William F. Reed, Washington, D. C., for appellant. Richard Ross, Washington, D. C., also filed an appearance.

Michael O. DeMouy, Washington, D. C., for appellee. Roderick A. DeArment, Washington, D. C., was on brief, for appellee.

Before KERN, HARRIS and FERREN, Associate Judges.

PER CURIAM:

In February 1973, appellee won a default judgment against appellant amounting to $15,506, plus interest and costs. This amount reflected the value of appellee's belongings destroyed while in storage with appellant. In June 1977, appellant moved to vacate the judgment, claiming it never received actual notice of the suit. The trial court denied that motion and from its ruling comes this appeal.

I

Appellee filed suit in June 1970 alleging that fire destroyed her belongings in 1967 while stored with appellant.[1] Appellee immediately attempted service on appellant's president, E. S. Pincus, at appellant's business address in Northwest Washington. The summons was returned with a notation that the building was vacant.[2] After a lapse of 15 months, appellee attempted service three more times at the same address over a period of approximately three months. The returns of the first two summons noted that the address was now a vacant lot, and there is no record of return on the third.[3] By this time the appellant corporation had been dissolved under the laws of South Dakota, where it had been organized.

As a foreign corporation, appellant had a designated agent, an attorney, for service of process in the District until appellant's certificate to transact business in the District was revoked in September 1971. Appellee did not attempt to contact the agent during the course of his agency, but did attempt such service on January 18, 1972. The summons directed service on "Reg. Agt., E. S. Pincus, 1815 H St., N.W." The record indicates no return from this process.

Eleven months later, appellee served the D.C. Superintendent of Corporations, which in turn sent notice of the action to the

1. She originally alleged a loss of $6,000, but on December 5, 1972, amended her complaint to claim $15,506.

2. Had appellant still be in operation at that address, such service would have been valid under D.C. Code 1973, § 13–334.

3. The appellant corporation apparently sold the lot, after ceasing to do business, to the Redevelopment Land Agency which demolished the building.

South Dakota address indicated on the last annual report appellant had filed with the Superintendent in 1969.[4] The notice was returned by the Post Office bearing notation that the address was unknown.

Default was entered in January 1973. An ex parte damages hearing was held in February, but before that time, appellee personally visited the law offices of appellant's agent. There appellee, according to her affidavit, spoke to one of the agent's law associates, who apparently had knowledge of the affairs of appellant, in an attempt to persuade the agent to represent appellant during the damages proceedings. No counsel appeared for appellant, however, and appellee was awarded $15,506 plus interest and costs after the ex parte hearing.[5]

Collection on this judgment has so far proved fruitless. The dissolved corporation's remaining assets have long since been transferred to the deceased majority stockholder's estate. Although appellee filed a claim in May 1973 on the estate with the Probate Division of the trial court, that case was already closed and the assets distributed. She tried other means to enforce the judgment, but not until May 1977 did her new counsel call appellant's former agent to inquire about satisfaction of the judgment. This inquiry prompted appellant's motion from which this appeal arises.

## II

■ Motions to vacate judgment pursuant to Super.Ct.Civ.R. 60(b)(6) are committed to the trial court's sound discretion, *Ohio Valley Construction Co. v. Dew*, D.C. App., 354 A.2d 518 (1976), and are only to be granted in "unusual and extraordinary situations justifying an exception to the overriding policy of finality.'" *Id., quoting Railway Express Agency, Inc. v. Hill*, D.C. App., 250 A.2d 923, 925 (1969).

■ We must consider the following factors in evaluating the propriety of the denial of such a motion: whether the movant (1) received actual notice of the proceeding, (2) acted in good faith, (3) presented a prima facie adequate defense, and (4) acted promptly upon discovery of the judgment. Prejudice to the non-moving party is also a factor. *Jones v. Hunt*, D.C.App., 298 A.2d 220 (1972).

■ The trial court, in denying appellant's motion, stated:

So the Court finds that service [on the Superintendent of Corporations] was valid, and that there was in all probability actual notice, but to the extent that actual notice was not realized, that circumstance was brought about by the affirmative conduct of defendant corporation [in failing to maintain a South Dakota address for service of process].

. . . The Court is of the view that substantial prejudice has been shown in this case and must necessarily exist.

In the first instance, we have over ten years which have expired between the principal events of the fires of '68, and a new trial that would take place if the Court granted the motion. Memories and recollections must necessarily dim and dim substantially during that time.

Also, the Court finds that records have been lost . . . .

Without reaching the question of whether appellant received actual notice, the evidence is clear that appellant would have received actual notice but for its own failure to maintain information on its current address in South Dakota. D.C. Code 1973, § 29–933m requires that a foreign corporation file an annual report with the Superintendent of Corporations before April 15 of every year which shall include its address in its state of incorporation. Appellant failed to file such a report in 1970 and 1971 in violation of the statute, eventually leading

---

4. Pursuant to D.C. Code 1973, § 29–933i(b).

5. At the hearing, the trial court heard appellee's testimony and received as evidence appellee's itemized list of all household goods stored with appellant and their values, as well as ap-

pellant's list of the furniture which appellee had placed in storage. The latter was on the back of the original written agreement between the parties.

to revocation of its certificate to do business on September 13, 1971. D.C. Code 1973, § 29–934b(a)(6). When appellee served her amended complaint on the Superintendent of Corporations in December 1972, the appellant's address in South Dakota contained in the file of the Superintendent was inaccurate, the last annual report listing the address having been filed in 1969. Hence, the notice was returned by the Post Office marked "addressee unknown" and actual notice was defeated by appellant's own negligence.

The trial court was correct in its conclusion that service through the Superintendent of Corporations was valid under these circumstances since appellant's certificate to do business had been revoked. D.C. Code 1973, § 29–933i(b). Furthermore, appellee had no obligation to attempt an alternative form of service.

> . . . [W]henever the certificate of authority of a foreign corporation shall be revoked, then the Commissioner shall be an agent of such foreign corporation upon whom any process against such corporation may be served . . . . [T]he Commissioners . . . shall immediately cause [notice] . . . to be forwarded by registered or certified mail, addressed to such corporation at its principal office in the State under the laws of which it is organized as the same appears in the records of the Commissioners. [D.C. Code 1973, § 29–933i(b).]

We do not read our opinion in *Hunt, supra,* to require a court to grant a 60(b)(6) motion when the circumstances show that the movant did not receive actual notice due to his own negligence. In *Hunt,* there is no indication that the movant's failure to receive notice could be attributed to negligence or bad faith on her part, but there is substantial evidence of appellant's negligence in this case.

Furthermore, there is substantial evidence that appellee would be prejudiced if the trial court vacated the judgment since the events at issue occurred ten years ago—

memories have faded and documents have been lost.

Despite appellant's contention that its failure to receive notice was due to appellee's unnecessary delay and futile attempts to serve a vacant lot upon which the storage company at one time operated, we conclude that the trial court fairly took into consideration all relevant facts and rationally exercised its discretion. *See Johnson v. United States,* D.C.App., 398 A.2d 354 (1979). We cannot say its decision was an abuse of discretion. *Ohio Valley Construction Co. v. Dew, supra.*

*Affirmed.*