**A. D. DUNN, Appellant,**

v.

**Kate A. PROFITT, Appellee.**

**No. 14027.**

District of Columbia Court of Appeals.

Submitted Oct. 9, 1979.

Decided Nov. 23, 1979.

---

Thurman L. Dodson, Washington, D.C., was on brief, for appellant.

No appearance for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

**PER CURIAM:**

In this case, appellant questions the correctness of a Small Claims Court order denying his motion to vacate a default judgment.[1] Appellant contends that the denial of his motion was an abuse of discretion by the trial court. We agree.

Appellant was sued in Small Claims Court for damages resulting from an automobile accident. On the return date for the summons, he appeared and filed an Answer and requested a jury trial. Appellant and his attorney failed to appear on the scheduled trial date. On plaintiff's motion, the judge entered a default judgment. Five days later appellant moved to vacate the judgment on the grounds that he had not received notice of the trial date. The motion was set for argument. On the morning of the hearing date, appellant's attorney notified the court clerk of a conflicting appearance before another judge. He gave the clerk an approximate time of availability. The clerk noted the information on the case jacket. The case was called and passed once because the attorney was not present, the judge noting his appearance before another judge. When the case was recalled, the attorney was still not present. The judge asked his clerk to call the other judge to locate the attorney. Without receiving an answer, the judge denied the motion to vacate with prejudice, apparently in response to the plaintiff's statement that appellant's previous failure to appear had cost her lost wages.[2]

Some 10–15 minutes later, appellant's attorney appeared before the court to question the denial of his motion, considering the fact that he had given the court advance notice of the conflict and his whereabouts. The trial judge left his denial intact.

■ The ruling on a motion to vacate default judgment is within the sound discretion of the trial judge. *Joseph v. Pa-*

1. The motion was made pursuant to Super.Ct. Civ.R. 60(b) which provides relief from a final judgment within one year of the judgment on the grounds of mistake, inadvertence, surprise or excusable neglect [(b)(1)]; for any other reason justifying such relief [(b)(6)].

2. The docket entry indicates the reason for the denial as "no appearance from defendant."

*rekh*, D.C.App., 351 A.2d 204 (1976); *Citizens Building & Loan Association of Montgomery County v. Shepard*, D.C.App., 289 A.2d 620 (1972). In exercising that discretion, the judge must weigh two competing considerations: a strong judicial policy favoring a trial on the merits versus the important need for finality in litigation.[3] *Jones v. Hunt*, D.C.App., 298 A.2d 220 (1972); *see Manos v. Fickenscher*, D.C.Mun. App., 62 A.2d 791 (1948). Where a timely motion is made to vacate a default judgment, the policy of favoring trial on the merits will often justify reversal where even a slight abuse of discretion has occurred in refusing to set aside a judgment.[4] *Jones v. Hunt, supra; Westmoreland v. Weaver Brothers, Inc.*, D.C.App., 295 A.2d 506 (1972); *Barr v. Rhea Radin Real Estate, Inc.*, D.C.App., 251 A.2d 634 (1969). Each case must be evaluated after considering the following factors: 1) was there actual notice of the proceeding? 2) did movant act in good faith? 3) was a prima facie adequate defense presented? and 4) did the movant act promptly? Against this, prejudice to the nonmoving party should be considered. *Union Storage Co. v. Knight*, D.C. App., 400 A.2d 316 (1979).

 In the present case, these factors require a decision for appellant. First, the record fails to show that the trial judge even considered these factors, despite their applicability. Appellant's motion was based on lack of notice. His attorney's timely notification to the motions judge of his court conflict and whereabouts indicate that he was acting in good faith. An Answer had been properly filed before the default, so a prima facie showing of an adequate defense had been made. Finally, the motion was filed shortly after entry of the default judgment. The plaintiff's prejudice is slight when weighed against the strong policy for trial on the merits. This is particularly so where a prompt motion was

filed and there is no indication of either wilful or negligent disregard of court processes. *Westmoreland v. Weaver Brothers Inc., supra.*

Since the motion to vacate was erroneously denied, the order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

3. A motion to vacate a default judgment is accorded different treatment from a motion to vacate a judgment after a trial. The former is entitled to more liberal consideration in light of the strong judicial policy favoring a trial on the merits.

4. When the motion is not timely made, this standard of review evaporates. *See, e. g., Union Storage Co. v. Knight*, D.C.App., 400 A.2d 316 (1979), where four years had elapsed between the default and the motion.