Dov B. KASACHKOFF, Appellant,

v.

ROSS H. FINN COMPANY, INC., Appellee.

No. 79–189.

District of Columbia Court of Appeals.

Argued Oct. 9, 1979.

Decided Nov. 26, 1979.

---

Louis James Morse, Washington, D. C., for appellant.

James Brent Clarke, Jr., Washington, D. C., for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

Appellant and his attorney failed to appear in court on the date his complaint alleging breach of contract and fraud on the part of appellee was scheduled for trial.[1] The trial court thereupon entered a judgment by default: (1) dismissing with prejudice appellant's complaint and (2) awarding appellee its attorney's fees and costs in the amount of some $4,000.[2]

Appellant filed a timely motion to vacate the default judgment pursuant to Super.Ct. Civ.R. 60(b), and specifically invoked subsections (1) and (6) thereof. A judge other than the one who had imposed the default judgment heard and denied appellant's motion insofar as it sought to reinstate his complaint,[3] but deferred to the trial judge who had entered the default for the determination of the motion insofar as it sought to vacate the counsel fees award. Subsequently, this judge, without a hearing, entered an order of denial.

The record in the instant case contains an affidavit by appellant's attorney in support of appellant's Rule 60(b) motion which, in essence, asserted that at the pretrial conference in the instant case an agreement of settlement was reached whereby appellant would dismiss his suit and apologize in writing to appellee and appellee would withdraw the prayer, contained in its Answer, for attorney's fees. Acting upon this agreement of settlement, appellant mailed to appellee a letter of apology and appellant's attorney filed a praecipe of dismissal. Although appellee's attorney advised him in writing that appellee would not abide by the settlement agreement and then had telephoned him on the date of trial and warned him to be "down here," he understood "from communications with the Clerk's office that the case had been dismissed, taken off the May 17, 1978, docket and that there was nothing to try on that date."[4] The parties had engaged in extensive discovery prior to this point.

The record also contains an opposition by appellee to appellant's motion asserting that it had never agreed to settlement of this case and that appellant was on notice the case would proceed to trial.

The court, in its order of denial which it entered without a hearing, noted that appellant failed to appear on the date of trial "without any apparent reasonable explanation." We are persuaded, however, that this conclusion is unsupported (1) in light of the assertion under oath by appellant's attorney that a settlement agreement had been reached at the pretrial conference and performed on the part of appellant and "the case had been dismissed, taken off the May

1. Appellant's amended complaint charged that appellee had contracted but then failed to replace the radiators in a house he owned with "good used ones," yet nevertheless billed him for the material and labor. He sought recovery of the moneys he paid, together with punitive damages for alleged fraud.

2. This amount was determined upon ex parte proof in the form of a Statement of Time and Services presented by appellee's counsel to the court on the day of trial.

3. Appellant does not appeal this order of denial.

4. Appellee's attorney conceded that "the Assignment Commissioner had the case dismissed." Counsel, however, pointed out that he had never signed the praecipe of dismissal filed by appellant's attorney and that the action by the clerk's office was a mistake.

17 docket and that there was nothing to try on the date,"[5] and (2) in the absence of any hearing held by the trial court to resolve the factual issue raised by appellee's opposition in response to these assertions.

Nor do we agree with the other reason relied upon by the trial court in its order denying the motion to vacate the default judgment. Appellant had alleged in his original complaint, superseded by an amended complaint, fraud on the part of individual officers and employees of the company as well as the appellee-corporation. The court stated in its order that "it was revealed by the interrogatories and depositions that these charges were completely without foundation." Although the record of pretrial discovery may have supported this conclusion as to the individual officers and employees, the record also contains (1) a deposition of one witness that the radiators had not been replaced and (2) appellant's deposition that he had been billed and had paid appellee for replacement of the radiators. At least there was an arguable basis, developed during discovery, for the amended complaint.

We note that the award of attorney's fees incurred by a party in litigation is exceptional. One of the few situations where it is warranted is when the other party has acted in bad faith, and engaged in vexatious, wanton or oppressive conduct. *Trilon Plaza Co. v. Allstate Leasing Corp.*, D.C. App., 399 A.2d 34 (1979). The Supreme Court has recognized that because an award of attorney's fees based on bad faith is punitive in nature the particular underlying facts are crucial. *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Thus, a conclusion by the court of bad faith on the part of appellant would best be made only on a complete record after notice and hearing of the issue to be determined.[6]

We recently stated with respect to a timely-filed motion to vacate a default judgment:

Where a timely motion is made to vacate a default judgment, the policy of favoring trial on the merits will often justify reversal where even a slight abuse of discretion has occurred in refusing to set aside a judgment. *Jones v. Hunt, supra* [D.C.App., 298 A.2d 220]; *Westmoreland v. Weaver Brothers, Inc.*, D.C.App., 295 A.2d 506 (1972); *Barr v. Rhea Radin Real Estate, Inc.*, D.C.App., 251 A.2d 634 (1969). Each case must be evaluated after considering the following factors: 1) was there actual notice of the proceeding? 2) did movant act in good faith? 3) was a prima facie adequate defense presented? and 4) did the movant act promptly? Against this, prejudice to the nonmoving party should be considered. *Union Storage Co. v. Knight*, D.C.App., 400 A.2d 316 (1979). [*Dunn v. Profitt*, D.C.App., 408 A.2d 991 (1979) (footnote omitted).]

In the instant case the motion was timely filed; no prejudice would be incurred by the nonmoving party (appellee) if its claim for attorney's fees were determined on the merits after a hearing; there was an assertion by appellant's attorney under oath that in light of a supposed pretrial settlement and the action taken by the Clerk's office he assumed there would be no trial; and the depositions during discovery raise at least a prima facie defense to appellee's claim of bad faith on appellant's part in filing the complaints. Under these circumstances we deem the court's refusal to vacate the default judgment to have been an abuse of discretion.

We emphasize that we do not reach on this appeal the issue of the propriety of an award to appellee of its attorney's fees for bad faith on appellant's part in the conduct of this litigation; we decide only that the

---

5. We do not conclude that these parties did, in fact, enter into an agreement, but note only that if found to exist, a settlement agreement reached by the parties may be enforceable even if later rejected by one of the parties. *Brown v. Brown*, D.C.App., 343 A.2d 59 (1975).

6. No notice was accorded appellant, so far as the record shows, that appellee's attorney planned to submit a Statement of Time and Services to the court on the day scheduled for trial.

trial court's denial of the motion to vacate the judgment by default was an abuse of discretion under all the circumstances.

Accordingly, the trial court's order of January 24, 1979, denying appellant's motion to vacate the judgment entered by default on May 17, 1978 for attorney's fees and costs in favor of appellee is reversed. The case is remanded for the purpose of permitting both parties to present evidence at a hearing after proper notice on the propriety under the circumstances of any award of attorney's fees and costs against appellant and, if awarded, the proper amount thereof.

*So ordered.*