**In the Matter of Joseph M. DORSEY, A Member of the Bar of the District of Columbia Court of Appeals.**

No. 83–639.

District of Columbia Court of Appeals.

Submitted Oct. 13, 1983.

Decided Dec. 14, 1983.

Joseph M. Dorsey, pro se.

Fred Grabowsky, Bar Counsel, Washington, D.C., on behalf of the Board on Professional Responsibility.

Before NEBEKER, BELSON and TERRY, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility has submitted to this court its report on attorney/respondent Joseph M. Dorsey. The Board recommends disbarment for violations of D.C.Code of Professional Responsibility Disciplinary Rules 1–102(A)(3) and (4). We accept the recommendation and order that respondent be disbarred.

In October 1981, respondent met with John L. Epps and offered to help Epps buy a four-unit apartment building. Respondent said he had made a down payment on a building on Bruce Place, S.E., but that he needed $7,000 to complete the purchase. Epps gave respondent the $7,000. Respondent promised in return to give Epps the right of first refusal on the building or, if respondent could not arrange by December 20 to buy the building, to repay Epps' $7,000 and give him an additional $2,800 for Epps' trouble and trust. Respondent gave Epps a promissory note for $9,800. The note was secured by a deed of trust on the Bruce Place property.

Respondent had never had any interest in the property and he did not acquire one. He also failed to pay Epps the $9,800 on December 20. On December 26, he gave Epps a $12,000 check saying that he was increasing the amount to repay Epps for his trouble. The check, however was drawn on a closed bank account. In February respondent gave Epps another check, this time for $15,000. The check was dishonored for insufficient funds. Respondent has now apparently left the District of Columbia.

The Board launched disciplinary proceedings against respondent. Bar Counsel tried unsuccessfully to notify him that the Board was considering his case. Mailed notices were returned. Respondent did not leave a forwarding address at either his home or his office. He never filed an answer to the disciplinary petition and he did not appear before the Hearing Committee. He has filed no briefs before this court. In short, his account of what occurred has never been heard.

D.C. Bar R. XI § 7(2) states that if a respondent fails to answer a petition, the charges shall be deemed admitted unless respondent shows good cause for the failure. Respondent in this case has shown no good reason for his failure to file an answer. The Board made ample efforts to serve him. He left no forwarding address when he left town. *Cf. Union Storage Co. v. Knight,* 400 A.2d 316 (D.C.1979) (per curiam) (affirming trial court's refusal to vacate default judgment when defendant's own failure to keep address current led to the failure of notice). We therefore deem the Board's allegations admitted under Rule XI § 7(2).

The Board determined that respondent's conduct violated DR 1–102(A)(3) and (4):

DR 1–102 *Misconduct*

(A) A lawyer shall not:

   \*     \*     \*     \*     \*     \*

(3) Engage in illegal conduct involving moral turpitude that adversely reflects on his fitness to practice law.

**1248**

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. It is beyond dispute that respondent's conduct toward Mr. Epps was fraudulent and deceitful. The next question is whether the conduct involved moral turpitude.

This court has stated that acts "involving both fraud and intentional dishonesty for personal gain" are acts of moral turpitude. *In re Willcher,* 447 A.2d 1198, 1200 (D.C. 1982). We have also defined moral turpitude as " '[c]ontrary to justice, honesty, modesty, or good morals.' " *In re Colson,* 412 A.2d 1160, 1168 (D.C.1979) (en banc) (*quoting* BLACK'S LAW DICTIONARY 1160 (4th ed. 1951)). In both those cases we were construing the term as it is used in D.C.Code § 11–2503(a) (1981). Under that code section the court must disbar a lawyer who has been convicted of a crime of moral turpitude. The term "moral turpitude" should receive the same construction under § 11–2503(a) and DR 1–102(A)(3). *Cf. In re Willcher, supra,* 447 A.2d at 1200 and n. 8 (rejecting dissenting Board members' conclusion below that conduct that violates § 11–2503(a) may not violate DR 1–102(A)(3)). Respondent Dorsey's conduct in the instant case falls within our definition of "moral turpitude." He obtained Epps' money fraudulently and dishonestly. We therefore agree with the Board that he violated DR 1–102(A)(3).

The final question concerns sanction. Because respondent has not been convicted of any crime, § 11–2503(a) does not compel us to disbar him. In some cases in which attorneys violated DR 102(A)(4), we have suspended rather than disbarred them. *E.g., In re Sheehy,* 454 A.2d 1360 (D.C. 1983); *In re James,* 452 A.2d 163 (D.C.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1429, 75 L.Ed.2d 789 (1983). In the instant case, however, the respondent violated DR 1–102(A)(3)—surely one of the most serious violations a lawyer can commit—as well as DR 1–102(A)(4). There are other aggravating circumstances as well. Respondent told Epps not to consult a lawyer about the transaction because he himself was a law-

yer. He has left the jurisdiction without a trace. Under the circumstances, we see no reason to depart from the Board's recommendation of disbarment. D.C. Bar R. XI, § 7(3). Accordingly, it is

ORDERED that respondent's name be struck permanently from the roll of members of the Bar of the District of Columbia, effective 30 days from the entry of this opinion.

*So ordered.*