James Eric JOHNSON, Appellant,

v.

Dana BERRY, Appellee.

No. 94–CV–343.

District of Columbia Court of Appeals.

Submitted Jan. 12, 1995.

Decided June 5, 1995.

John G. Gill, Jr., Washington, DC, for appellant.

James E. McCollum, Jr., College Park, MD, for appellee.

Before FERREN and SCHWELB, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellant James E. Johnson contends that the trial court abused its discretion in denying his motion to reinstate his case pursuant to Super.Ct.Civ.R. 60(b) after it had been dismissed due to his attorney's failure to appear at an initial scheduling conference. For the reasons stated below, we reverse and remand the case for further proceedings.

## I.

Appellant James Johnson and appellee Dana Berry played against each other in a professional tennis tournament at the Washington Tennis Center in the District of Columbia. It appears that some personal unpleasantness arose during the match. Immediately after the match Johnson and Berry engaged in a physical altercation. Johnson filed a complaint in Superior Court against Berry alleging assault and battery. Berry, in turn, filed a counterclaim against Johnson alleging the same.

A trial judge issued a scheduling order designating December 3, 1993, for the initial status conference. Johnson's counsel failed to appear on this date and the judge dismissed the case for want of prosecution.[1] Berry's counsel consented to the dismissal of the counterclaim, provided the complaint was dismissed. The dismissal was recorded in an entry on the court jacket and on the docket, but no written order was entered nor was notice sent to Johnson's attorney.[2] Unaware of the dismissal, Johnson's attorney continued to prosecute the case in the usual manner, filing a certificate concerning discovery on December 8, 1993.

Johnson's counsel first suspected a problem on February 8, 1994, and had another attorney from his office review the court file the next day. Upon learning that the case had been dismissed, Johnson's counsel immediately prepared a motion to reinstate the case, pursuant to Super.Ct.Civ.R. 60(b), and filed it at the opening of the Superior Court Clerk's Office on the following day, February 10, 1993. In his motion, Johnson's attorney stated that he inadvertently had failed either to read the relevant portion of the initial order or to note the initial conference date of December 3, 1993, on his calendar. Counsel submitted that his failure to appear was entirely out of character with his performance as an attorney before the courts of the District of Columbia for approximately twenty-six years, and represented that, following his failure to appear in this case, his office had put in place even more exacting procedures to avoid a repetition of his failure to appear.[3] Johnson's attorney also offered to pay the regular hourly rate of opposing counsel for the additional court appearance which would be occasioned by the failure to appear on December 3, 1993.

A second trial judge, newly assigned to the case, issued a written order denying Johnson's Rule 60(b) motion, stating in part:

> Superior Court Civil Rule 60(b) addresses the parameters of "excusable neglect."

1. The following colloquy occurred in open court:

   THE COURT [JUDGE RICHTER]: All right. Do we have any idea where [appellant's counsel] is?
   [APPELLEE'S COUNSEL]: I have no idea.
   THE COURT: ... What do you want me to do?
   [APPELLEE'S COUNSEL]: I'd like the Action dismissed actually....
   THE COURT: All right. Why don't we say, Plaintiff failed to appear. The case [is] dismissed for want of prosecution....

2. The judge did not specify whether the dismissal was with or without prejudice, and therefore under Super.Ct.Civ.R. 41(b), it operated as an adjudication upon the merits. *See also* Su-

per.Ct.Civ.R. 16–II. As the statute of limitations had run by the time the case was dismissed, even a dismissal without prejudice would have left appellant unable to refile. *See* D.C.Code § 12–301(4) (1989).

3. Johnson's attorney also suggested that his failure to appear was a by-product of the fact that he was spending a significant amount of time and effort to obtain the deposition of Berry's wife, and was dealing with her counsel in connection with her motion for a protective order. Because counsel apprehended that Berry might have insufficient funds to pay any judgment arising from this action, he sought to depose Berry's wife, a physician, in an effort to establish that she was vicariously liable as a joint venturer in Berry's tennis career.

Under the rule, the court is to consider four factors when a motion for relief for [sic] final judgment is made to the court. Those factors include whether there was actual notice of the proceeding, whether movant acted in good faith, whether a *prima facie* adequate defense was presented, and whether the movant acted promptly. (Citations omitted.)[4]

\* \* \* \* \* \*

[W]hile the court does not dispute that plaintiff acted in good faith, the court does not find that plaintiff fares well on any of the other factors ...

Plaintiff was provided actual notice of the initial scheduling conference and while perhaps counsel acted expeditiously when he realized that the conference had passed, it took counsel two months to realize that he had in fact neglected to appear ...

\* \* \* \* \* \*

Johnson noted this appeal.

## II.

The sole issue on appeal is whether the trial court abused its discretion in denying appellant's motion to reinstate its case pursuant to Rule 60(b). We reverse, principally because the trial court erred in its evaluation of one of the applicable criteria, and apparently failed to consider another.

In *Dunn v. Profitt,* 408 A.2d 991 (D.C. 1979), this court articulated the factors that a trial judge must consider in ruling on a rule 60(b) motion to vacate a default judgment entered upon a defendant's failure to appear and respond to a complaint:

Each case *must* be evaluated after considering the following factors: 1) was there actual notice of the proceeding? 2) did movant act in good faith? 3) was a prima facie adequate defense presented? and 4) did the movant act promptly? *Against this, prejudice to the nonmoving party should be considered.* (Emphasis added.)

*Id.* at 993. As authority, we cited our opinion in *Union Storage Co. v. Knight,* 400 A.2d

316 (D.C.1979), in which we had specified that the fourth criterion—whether movant had acted promptly—is to be measured from the time movant discovered the judgment. *Id.* at 318. *See also Clay v. Deering,* 618 A.2d 92, 94 (D.C.1992) (discussing these same five factors within the context of a Rule 60(b) motion to vacate judgment); *Jones v. Health Resources Corp. of America,* 509 A.2d 1140, 1145 (D.C.1986) (same); *Alexander v. Polinger Co.,* 496 A.2d 267, 269 (D.C.1985) (same). In *Union Storage, supra,* we relied in turn on *Jones v. Hunt,* 298 A.2d 220 (D.C.1972), where we emphasized that while motions for such relief are committed to the sound discretion of the trial judge, even a slight abuse of discretion warrants reversal because courts universally prefer a trial on the merits. *Id.* at 221.

We have held that these same five factors and the slight abuse of discretion standard apply to a Rule 60(b) motion made after movant's action was dismissed for failure to appear at a scheduling or pretrial conference. *See Reid v. District of Columbia,* 634 A.2d 423, 424 (D.C.1993) (reversing and remanding with direction that trial judge apply the five factors to motion to reinstate case); *Clay v. Deering, supra,* 618 A.2d at 94–95 (affirming trial court's denial of motion to vacate default judgment and motion to reinstate counterclaim where appellant failed to satisfy three of the five factors).

This court has offered additional guidance as to how the trial court should proceed in considering an application for relief from a default entered under circumstances like those present here. We have emphasized that the failure to appear at an initial hearing or pretrial conference will rarely merit dismissal. *See Durham v. District of Columbia,* 494 A.2d 1346, 1350–51 (D.C.1985) (discussing application of Super.Ct.Civ.R. 16–II, 41(b), 37(b)); *see also Stuckey v. Ahmad,* 644 A.2d 1377, 1378–79 (D.C.1994) (same); *Samm v. Grina,* 542 A.2d 836 (D.C.1988) (same).

■ We have also held that when the trial court rules on a Rule 60(b) motion arising

4. In a footnote, the court stated: "Clearly, whether there is a prima facie defense is not an issue to be argued by plaintiff. [This] factor ... is addressed in those cases where a defendant moves the court to vacate a default judgment."

from the case's dismissal because of a party's failure to appear at an initial hearing or pretrial conference, it must consider lesser sanctions (including imposition of attorney's fees) along with the other factors relevant to a Rule 60(b) analysis. *Watkins v. Carty's Automotive Elec. Ctr., Inc.,* 632 A.2d 109, 110 (D.C.1993) (judgment vacated where trial judge failed to consider relevant factors, including possible prejudice to nonmovant, and other available sanctions—including attorney's fees—available for movant's failure to appear at initial hearing); *Johnson v. Lustine Realty Co., Inc.,* 640 A.2d 708, 709–10 (D.C.1994) (reversed and remanded relying upon *Watkins* ).[5]

Our decisions have drawn a distinction between mistakes of law on the part of counsel on the one hand, and mistakes as to facts, holding that an "attorney's failure to understand or comply with court rules is a 'mistake of law' that rarely warrants relief under Rule 60(b)(1)." *Launay v. Launay, Inc.,* 497 A.2d 443, 455 (D.C.1985) (citing *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 518–19 (D.C.1985)). This case involves appellant's counsel's unawareness of the *fact* that the Superior Court dismissed the action for want of prosecution on December 3, 1993.

### III.

██ We agree with the trial court's conclusion that the issue of whether a "prima facie adequate defense" is shown is not relevant here and applies only in those cases where a defendant seeks to vacate a default judgment.[6] We find ample support in the

record for the trial court's conclusion that appellant acted in good faith.[7]

██ The trial court, however, failed to consider the presence or absence of prejudice to appellee, did not take into account the first judge's failure to consider lesser sanctions for a failure to appear at a scheduling conference, improperly applied the "acting promptly" factor by focusing on appellant's two-month delay in discovering the dismissal for want of prosecution, and failed to consider that counsel's delay was caused by a misapprehension of fact concerning the case's status, not by a mistake of law.

Accordingly, we must reverse. Rather than simply order reinstatement of the case so that it might proceed forward, we will remand for appropriate further consideration of the appellant's motion for Rule 60(b) relief. While it is most unlikely that dismissal can be found a sustainable sanction, the trial court may see fit to accompany an order of reinstatement with a requirement that appellant bear a lesser sanction.

Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

*So ordered.*

**5.** The court's order dismissing this case for want of prosecution was mentioned only briefly by appellant in his Rule 60(b) motion, and the merits of the dismissal were not addressed in the second judge's ruling on the Rule 60(b) motion. Furthermore, on appeal, appellant challenges only the Rule 60(b) ruling. Thus, we do not face directly the issue of whether the trial court's original order of dismissal itself is sustainable. It is clear, however, that the decision to dismiss this case based solely on appellant's failure to appear at an initial scheduling conference without considering whether there was prejudice to appellee, whether there was willful or deliberate delay by appellant, or whether less severe sanctions short of dismissal would have been a more appropriate remedy amounted to an improper exercise of discretion in light of our analysis in

*Durham, supra,* 494 A.2d at 1350; *see id.* at 1349 (analysis of order of dismissal for failure to prosecute is same under Super.Ct.Civ.R. 16–II and Super.Ct.Civ.R. 41(b)); *see also supra* note 2.

**6.** *See supra* note 4; *cf. Jones v. Health Resources, supra,* 509 A.2d at 1145 n. 10 ("A prima facie showing of a meritorious defense is not required when a motion to vacate is made on the basis that the judgment is void.") (citations omitted).

**7.** Moreover, we have made it clear that whether the movant acted promptly or not is to be measured from the time he discovers the entry of judgment against him. *See Union Storage, supra,* 400 A.2d at 318.