Josephine MOURNING, Appellant,

v.

APCOA STANDARD PARKING, INC., et al., Appellees.

No. 02–CV–675.

District of Columbia Court of Appeals.

Submitted June 17, 2003.

Decided July 3, 2003.

Alan S. Toppelberg, Washington, DC, was on the brief for appellant.

Harry J. Carleton, Fairfax, VA, Jeffrey R. Schmieler, and Brian E. Hoffman, Silver Spring, MD, were on the brief for appellees.

Before FARRELL and REID, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Appellant, Ms. Josephine Mourning, appeals from the trial court's order denying her motion to reschedule scheduling conference and vacate dismissal of her personal injury complaint. Because the trial court failed to consider the factors set forth in *Reid v. District of Columbia*, 634 A.2d 423 (D.C.1993) and related cases, we reverse and remand for further proceedings.

## FACTUAL SUMMARY

On August 31, 2001, Ms. Mourning filed a personal injury claim against appellees after she allegedly slipped and fell while walking in a parking garage located at 1330 Connecticut Avenue in the Northwest quadrant of the District.[1] An initial scheduling conference was held on November 30, 2001. Appellees were present but neither Ms. Mourning nor her counsel appeared. The trial court then dismissed the case without prejudice pursuant to a motion filed by appellees under Super. Ct. Civ. R. 41(b).[2] Subsequently, on March 7, 2002, it vacated the dismissal and set another scheduling conference for April 12, 2002.[3] However, while appellees were present at that conference, Ms. Mourning and her counsel again failed to appear. As a result, appellees filed another Rule 41(b) motion and on April 22, 2002, the trial court granted it, dismissing the claim with prejudice. Ms. Mourning then filed her motion to reschedule and vacate dismissal on April 24, 2002. Accompanying the motion and memorandum was an affidavit from Merri R. Lane, an associate in Ms. Mourning's counsel's law firm. According to the affidavit, Ms. Lane went to the Superior Court Clerk's Office to determine why neither Ms. Mourning nor her counsel had received a copy of the notice of the second scheduling conference. She discovered "that the case had been marked

---

1. The parking garage is owned by appellee, 1330 Connecticut Avenue Land, Inc., and it is managed and operated by APCOA Standard Parking Inc.

2. That rule provides in pertinent part:
   *Involuntary dismissal: Effect thereof.* For failure of the plaintiff to prosecute or to comply with these Rules or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant . . . .

3. It also ordered Ms. Mourning to pay the costs for appearance of appellees' counsel at the November 30, 2001, scheduling conference.

'Hold' and that as a result of this marking, notices did not go out to the plaintiff."[4]

## ANALYSIS

Ms. Mourning contends that the trial court abused its discretion in dismissing her claim with prejudice for her failure to appear at the April 12, 2002, scheduling conference, and in refusing to "consider[ ] any lesser sanction."

Although not styled as such, Ms. Mourning in essence filed a motion in the trial court pursuant to Super. Ct. Civ. R. 60(b) (2002). "[T]he decision to deny or grant a party's Rule 60(b) motion is within the discretion of the trial court." *Reid, supra,* 634 A.2d at 424 (other citations omitted). "In reviewing the denial by the trial court of appellants' motion under Rule 60(b), 'we do not review or determine the merits of the underlying action but only decide whether there has been an abuse of discretion by the trial court.'" *Id.* (quoting *State Farm Mutual Auto. Ins. Co. v. Brown,* 593 A.2d 184, 185 (D.C. 1991)). On the other hand, because there is a general preference for trial on the merits, this court gives close scrutiny to the denial of a Rule 60(b) motion seeking relief from a default judgment. *See, e.g., Johnson v. Berry,* 658 A.2d 1051, 1053 (D.C.1995). And, in evaluating a Rule 60(b) motion as here the trial court is to consider the factors set forth in the rule itself (*i.e.,* whether there has been mistake, inadvertence, surprise, or excusable neglect) and is also required to consider the following factors: "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and ... [p]rejudice to the non-moving party is also relevant." *Reid, supra,*

634 A.2d at 424 (internal quotation marks and citation omitted).

Here, however, the trial court's order denying Ms. Mourning's motion pursuant to Rule 60(b) does not mention any of these factors; indeed, it contains no discussion, including any evaluation of Ms. Mourning's assertion through counsel's affidavit that no notice of the second scheduling conference was sent to the plaintiff. "This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)." *Reid, supra,* 634 A.2d at 425 (internal quotation marks and citation omitted). Moreover, we have consistently held that a trial court's failure to make such an inquiry constitutes an abuse of discretion. *See Panici v. Rodriguez,* 689 A.2d 557, 559–60 (D.C.1997) (reversing and remanding trial court's dismissal of claim where court considered the potential prejudice to the defendants but failed to consider the remaining factors); *Reid, supra* (reversing and remanding trial court's dismissal of complaint after plaintiff failed to appear at an initial scheduling conference where court made no inquiry into the appropriate factors); *Johnson, supra,* 658 A.2d at 1054 (reversing and remanding dismissal of claim where trial court failed to consider any potential prejudice to the defendant, improperly applied another factor and did not consider the cause of counsel's delay in attempting to remedy his failure to appear at a scheduling conference).

Here, the fact that the trial court dismissed Ms. Mourning's complaint with prejudice only after her counsel failed to appear at the second scheduling confer-

---

4. Also, in that memorandum, Ms. Mourning claimed that she did not attend the initial scheduling conference because she "did not receive a copy of the filed and served complaint." She further claimed that she was never notified of the April 12, 2002 conference.

ence may or may not properly result in the dismissing of her complaint. *See Sitwell v. Gov't Employees Ins. Co.*, 263 A.2d 262, 263 (D.C.1970) ("It is well settled that a plaintiff must prosecute his action with due diligence and that lack of such diligence warrants dismissal of his action") (citation omitted). In making that determination, however, the trial court must consider and weigh the Rule 60(b) and *Reid* factors, and in particular must evaluate Ms. Mourning's claim that the notice of the second conference was never sent to her. As we stated in *Durham v. District of Columbia*, 494 A.2d 1346, 1352 (D.C.1985), "[I]n the absence of any findings on the record by the trial court [addressing that claim] and explaining the basis for its order, we cannot affirm the extreme sanction imposed by the trial court." (internal quotation marks and citation omitted). Accordingly, the order denying the appellant's motion to vacate the dismissal is reversed and this case is remanded for further proceedings consistent with this opinion.

*So ordered.*