*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 18-CV-1287

LAMONT D. CROSBY, APPELLANT,

v.

KAREN K. BROWN, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2017-CA-000329-V)

(Hon. Brian F. Holeman, Trial Judge)

(Submitted February 13, 2020                    Decided February 23, 2023)

*Daniel S. Kozma* was on the brief for appellant.

*Andre M. Forte* was on the brief for appellee.

Before HOWARD,* *Associate Judge*, and FERREN and FISHER,** *Senior Judges.*

---

* On March 3, 2022, Associate Judge Howard was substituted for Associate Judge Beckwith. *See* Administrative Order 2-22.

** Senior Judge Fisher was an Associate Judge of the court at the time of submission. His status changed to Senior Judge on August 23, 2020.

HOWARD, *Associate Judge*: Appellant Lamont D. Crosby contends that the trial court abused its discretion in denying his motion to reinstate his case pursuant to Superior Court Rules of Civil Procedure 41(b)(3), 60(b)(1), and 60(b)(6), after his case had been dismissed for failure to appear at a status hearing. We agree. For the reasons stated below, we reverse the dismissal, reinstate the case, and remand for further proceedings.

## I.

This matter concerns an automobile accident that occurred on January 23, 2014.[1] The appellant, Lamont D. Crosby, alleges that he was injured as a result of the negligence of the appellee, Karen K. Brown. Mr. Crosby's previous attorney, Harold Brazil, filed a complaint on behalf of Mr. Crosby on January 18, 2017.

Nearly a year later, on January 17, 2018, the trial court mailed a mediation notice to Mr. Brazil and Andre Forte, Ms. Brown's attorney, setting a mediation

---

[1] The complaint lists both July 3, 2013 and January 23, 2014 as the date that the automobile accident occurred. Given that any cause of action accruing on July 3, 2013, would have been barred by the three-year statute of limitations, D.C. Code § 12-301(8); that neither Ms. Brown nor the trial court raised such an issue; and that Ms. Brown does not dispute Mr. Crosby's assertion on appeal that the accident occurred on January 23, 2014, we treat the automobile accident as having occurred on January 23, 2014.

conference for May 10, 2018. The next day, this court entered an order disbarring Mr. Brazil by consent.

Mr. Brazil first contacted Daniel Kozma about representing Mr. Crosby in this case on March 26, 2018. At that time, Mr. Kozma agreed to review the file, but he did not enter an appearance on behalf of Mr. Crosby. However, both Mr. Crosby and Mr. Brazil were under the impression that Mr. Kozma had agreed to represent Mr. Crosby at that time.

Mr. Brazil failed to advise Mr. Kozma and Mr. Crosby of the mediation scheduled for May 10, 2018. Mr. Forte, Ms. Brown, and her insurance adjuster appeared for the mediation. Neither Mr. Crosby nor anyone acting on his behalf appeared for the mediation.

Because Mr. Crosby did not attend the May 10th mediation, the trial court issued an order, on May 11, 2018, setting a status hearing on July 6, 2018. The trial court mailed that order to Mr. Brazil and Mr. Forte. Mr. Brazil again failed to advise Mr. Crosby and Mr. Kozma of the status hearing scheduled for July 6, 2018. Mr. Crosby had no other notice of the July 6th status hearing.

On July 6, 2018, Mr. Crosby failed to appear for the status hearing; thereafter, the trial court entered an order, pursuant to Super. Ct. Civ. R. 41(b), dismissing Mr. Crosby's case without prejudice. However, that dismissal likely amounted to a dismissal with prejudice.[2] The sole reason listed for dismissal was Mr. Crosby's failure to appear for the status hearing. While it is unclear to whom the dismissal order was mailed, Mr. Crosby gained actual notice of the dismissal on or after July 6, 2018.

Soon after receiving notice, Mr. Crosby reached out to Mr. Brazil and Mr. Kozma. Mr. Kozma entered an appearance on behalf of Mr. Crosby on July 19, 2018, approximately thirteen days after the dismissal order was mailed. The next day, on July 20, 2018, Mr. Kozma filed a timely motion on Mr. Crosby's behalf to

---

[2] We have previously found persuasive a ruling from the United States Court of Appeals for the District of Columbia Circuit that "'once a suit is dismissed, even if without prejudice, the tolling effect of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Stewart-Veal v. District of Columbia*, 896 A.2d 232, 237 (D.C. 2006) (quoting *Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 672 (D.C. Cir. 2004)).

Mr. Crosby's complaint alleges negligence arising out of an automobile accident that occurred on January 23, 2014. The statute of limitations for such a suit is three years, and, accordingly, ended on January 23, 2017. D.C. Code § 12-301(8). The trial court dismissed Mr. Crosby's case, without prejudice, on July 6, 2018, a little less than eighteen months after the end of the limitations period.

reinstate the action. Mr. Crosby's motion to reinstate was premised upon Super. Ct. Civ. R. 41(b)(3), 60(b)(1), and 60(b)(6).

On November 3, 2018, the trial court entered an order denying Mr. Crosby's motion to reinstate. The trial court provided the following reasoning for its denial:

> Here, there is no indication on the record of a motion to stay proceedings while Plaintiff sought new counsel. There is no indication on the record of a motion to continue the Mediation Conference on May 10, 2018, or the Status Hearing convened on July 6, 2018. Further, it is unclear if Plaintiff acted in good faith, given that there was no indication of dates besides "after some time" or "sometime after." There is a clear indication that Plaintiff knew that litigation was ongoing. The court cannot conceive how mistake or surprise are supported by the facts presented.

No further explanation was given. This timely appeal followed.

## II.

We review the trial court's denial of a motion to reinstate brought under Super. Ct. Civ. R. 41(b) and 60(b) for abuse of discretion. *See Cameron v. Washington Metro. Area Transit Auth.*, 649 A.2d 291, 294 (D.C. 1994) (affirming denial of motion to reinstate brought under Super. Ct. Civ. R. 41(b) and noting that "[t]he proper question at this stage is whether or not the trial court has abused its

discretion"); *Johnson v. Berry*, 658 A.2d 1051, 1053 (D.C. 1995) ("The sole issue on appeal is whether the trial court abused its discretion in denying appellant's motion to reinstate its case pursuant to Rule 60(b).").

At the District of Columbia Courts, "[t]here exists a 'strong judicial policy favoring adjudication on the merits of a case.'" *Nuyen v. Luna*, 884 A.2d 650, 656 (D.C. 2005) (quoting *Walker v. Smith*, 499 A.2d 446, 448-49 (D.C. 1985)). Due to this policy, "even a slight abuse of discretion in refusing to set aside a judgment may justify reversal." *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1159 (D.C. 1985) (citing *Clark v. Moler*, 418 A.2d 1039, 1041 (D.C. 1980)).

In the trial court's dismissal order, dated the same day as the status hearing, the trial court cited one act that, in its opinion, merited dismissal: a single failure to appear. That, arguably, was itself an abuse of discretion. *See LaPrade v. Lehman*, 490 A.2d 1151, 1155 (D.C. 1985) ("Courts have found an abuse of discretion in a trial court's dismissal with prejudice where the only evidence of intentional delay is one instance of failure to appear."). Nor did the trial court contemplate lesser sanctions—such as an assessment of the defendant's costs and reasonable fees against the plaintiff—a failure that could independently merit remand. *See District of Columbia v. Serafin*, 617 A.2d 516, 520 (D.C. 1992) ("The trial court's failure to

consider lesser sanctions is sufficient to require a remand."); *LaPrade*, 490 A.2d at 1155-56 (listing alternative, lesser sanctions).

The trial court further abused its discretion in improperly applying both Superior Court Rules of Civil Procedure 41(b)(3) and 60(b) in denying the motion to reinstate. We look to each in turn.

## A. Super. Ct. Civ. R. 41(b)(3)

Under Superior Court Rule of Civil Procedure 41(b), the trial court has the authority to dismiss an action when a plaintiff fails to comply with an order of the court. *Serafin*, 617 A.2d at 519 (citations omitted). However, the dismissal "does not take effect until 14 days after the date on which it is docketed and *must be vacated upon the granting of a motion filed by the plaintiff within the 14-day period showing good cause why the case should not be dismissed*." Super. Ct. Civ. R. 41(b)(3) (emphasis added).

The relevant inquiry here is "good cause." Super. Ct. Civ. R. 41(b)(3). In determining whether to dismiss a case for failure to prosecute, a trial court is to examine several factors, including the length of the delay, the reasons for the delay,

and any prejudice to the defendant as a result of the delay. *Battle v. Jackson*, 476 A.2d 1143, 1145 (D.C. 1984) (citing *Frazier v. Ctr. Motors, Inc.*, 418 A.2d 1018, 1020 (D.C. 1980)). It should also evaluate the nature of the party's conduct, including whether it was willful. *Van Man v. District of Columbia*, 663 A.2d 1245, 1247 (D.C. 1995). Importantly, the trial court should first consider other, lesser sanctions, if appropriate. *Serafin*, 617 A.2d at 519 (citing *Techniarts Video, Inc. v. 1631 Kalorama Assocs.*, 572 A.2d 1051, 1054 (D.C. 1990)).

While the trial court discussed what Mr. Crosby, or rather his counsel, did not do for the two-month period from May to July of 2018, it failed to fully consider or inquire into any other factors. The trial court merely concluded that it was "unclear" whether Mr. Crosby acted in good faith because the dates provided in his motion—filed one day after the appearance of counsel—were vague and that neither "mistake" nor "surprise" were supported by the record. It made this determination without any additional reference to the record or consideration of the reply, which provided clarification of dates and periods of time. While these factors certainly bear on good cause, they are more relevant to the Rule 60(b) inquiry, discussed below. An analysis of the underlying circumstances and prejudice to the defendant, which the trial court did not complete, was the minimum analysis necessary to determine whether Mr. Crosby showed good cause.

This case presents unusual circumstances. The trial court mailed a notice on January 17, 2018, setting a May 10th mediation conference to Mr. Crosby's original counsel, Mr. Brazil, one day before this court disbarred Mr. Brazil. From March 2018 until July 2018, Mr. Brazil and Mr. Crosby were both under the mistaken impression that Mr. Kozma, whom Mr. Brazil reached out to, had agreed to represent Mr. Crosby in this case. Neither Mr. Brazil nor any other party shared the notice setting the mediation conference with Mr. Crosby or Mr. Kozma. Mr. Crosby's failure to attend the mediation triggered the July 6, 2018 status hearing. Notice of the July 6, 2018 status hearing was, again, sent solely to Mr. Brazil, despite his being disbarred for over four months at that time. And, again, Mr. Brazil advised neither Mr. Crosby nor Mr. Kozma of the status hearing. Mr. Crosby failed to appear for the status hearing and the trial court dismissed the case on that single basis.

Mr. Crosby did not receive notice of the dismissal of his case until sometime on or, more likely, after July 6, 2018. Once Mr. Crosby received notice of the dismissal of his case, he took immediate action, securing Mr. Kozma as his new counsel within thirteen days. Mr. Kozma then timely filed the motion for reinstatement, the day after he entered his appearance.

Finally, in the present case, an approximately 60-day delay does not create significant prejudice for Ms. Brown. Although reinstating this case would beget challenges of logistics and memory, this burden befalls not only Ms. Brown but also Mr. Crosby.[3]

We conclude that Mr. Crosby had good cause for why he failed to appear in both May and July of 2018. The motion to reinstate should have been granted under Rule 41(b)(3).

## B. Super. Ct. Civ. R. 60(b)

Superior Court Rule of Civil Procedure 60(b), in pertinent part,[4] provides that the court may relieve a party from a final judgment or order on the basis of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.

In considering whether to set aside a dismissal under Rule 60(b), "it is incumbent upon the trial court to conduct a proper inquiry into the factors behind a party's motion for dismissal of default." *Walker v. Smith*, 499 A.2d 446, 449 (D.C.

---

[3] And, arguably, more so Mr. Crosby, as he bears the burden of proof at trial.

[4] Super. Ct. Civ. R. 60(b)(1) and (6).

1985).  In conducting this inquiry, the trial court "must" consider the following factors: "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense.  Prejudice to the non-moving party is also relevant."  *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1159-60 (D.C. 1985) (internal citations omitted); *see also Reshard v. Stevenson*, 270 A.3d 274, 282 (D.C. 2022) (vacating and remanding a denial of motion to vacate default judgment when the trial court's "reasons capture some of the factors a trial court must consider in evaluating a Rule 60(b) motion, [but] they do not adequately assure us that the trial court considered *all* the factors relevant to its exercise of discretion") (emphasis added); *Reid v. District of Columbia*, 634 A.2d 423, 425 (D.C. 1993) (reversing denial of a motion to vacate a dismissal of a complaint because "the trial court did not consider the factors enumerated in either Rule 60(b)(1) or in *Starling*").[5]

When, as here, "the trial court rules on a Rule 60(b) motion arising from the case's dismissal because of a party's failure to appear at a pretrial conference, it *must* consider lesser sanctions (including imposition of attorney's fees) along with the other factors relevant to a Rule 60(b) analysis."  *Johnson v. Berry*, 658 A.2d 1051,

---

[5] We recognize that *Reshard* and *Reid* do not fit precisely because both concern default judgment.  Nevertheless, these cases provide useful guidance.

1053-54 (D.C. 1995) (citing *Watkins v. Carty's Auto. Elec. Ctr., Inc.*, 632 A.2d 109, 110 (D.C. 1993)) (emphasis added).

In the present case, the trial court abused its discretion in denying Mr. Crosby's motion to reinstate the case under Rule 60(b)(1) and Rule 60(b)(6) because it failed to conduct the appropriate analysis. Although the trial court at least mentioned "mistake" and "surprise," it failed to address "inadvertence," "excusable neglect," and "any other reason that justifies relief." Nor did it apply the *Starling* factors. It further neglected to consider any lesser sanction. Had the trial court addressed the necessary factors, it would have found, as we do below, that Mr. Crosby was entitled to relief under Rule 60(b).

Whether we classify Mr. Crosby's actions as "mistake," "inadvertence," "excusable neglect," or simply apply the catchall provision of "any other reason that justifies relief," the evidence establishes that Mr. Crosby was entitled to relief under Rule 60(b). Based on the circumstances discussed above in the analysis of Rule 41(b)(3), the *Starling* factors weigh heavily in Mr. Crosby's favor.

First, Mr. Crosby did not have actual notice until sometime on or after July 6, 2018. Second, Mr. Crosby's uncontroverted, mistaken belief that Mr. Kozma had

elected to represent him and his prompt action after receiving the dismissal demonstrate good faith, and the record is devoid of evidence of bad faith. Third, Mr. Crosby acted promptly and diligently in securing Mr. Kozma as his new counsel within thirteen days of actual notice.[6] We need not address the fourth factor, as we have previously held that it is only relevant when, unlike here, a defendant seeks to vacate a default judgment. *Johnson*, 658 A.2d at 1054.

Finally, as we noted earlier, we recognize that reinstating an older case like this one would beget challenges of logistics and memory, to the extent such challenges constitute "prejudice," this burden would befall both Ms. Brown and Mr. Crosby—and more heavily on Mr. Crosby who, as plaintiff, bears the burden of proof at trial. We do not conclude that Ms. Brown is materially prejudiced by reinstatement of the case.

**III.**

---

[6] Whether the movant acted promptly "is to be measured from the time the movant discovered the judgment." *Johnson*, 658 A.2d at 1054 n.7 (citing *Union Storage Co. v. Knight*, 400 A.2d 316, 318 (D.C. 1979)).

For the foregoing reasons, the trial court's denial of Mr. Crosby's motion to reinstate pursuant to Rules 41(b)(3), 60(b)(1), and 60(b)(6) is reversed, and the matter is reinstated and remanded for further proceedings.

*So ordered.*